**In re Douglas DEIHL and Linda Deihl, Debtors.**

**Bankruptcy No. 285-00142.**

United States Bankruptcy Court, D. Maine.

Oct. 28, 1987.

Elizabeth Hoglund, Portland, Me., for debtors.

Dennis Bezanson, So. Portland, Me., trustee.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Chief Judge.

### INTRODUCTION

This proceeding comes before this court upon an application of debtors' counsel for allowance of compensation pursuant to section 330 of the code. 11 U.S.C. § 330. Applicants have submitted a chronological summary of the time spent and the services rendered by each attorney working on the case. They are seeking compensation in the sum of $3,360.25 for legal services rendered to the debtors and reimbursement for expenses in the sum of $41.10.

The Trustee has objected to the application on the ground that the applicant is not entitled to compensation out of the estate for representing the debtors in an adversary proceeding to determine dischargeability of a debt. The Trustee suggests that the Applicants fee award be reduced by $1,795.50. This figure represents 19.95 hours attributed to the debtors' defense of a dischargeability proceeding at an hourly rate of $90 per hour.

The court concludes that the Applicants are entitled to compensation for legal service rendered to the debtors in defense of the dischargeability complaint.

### DISCUSSION

Under the Act, specific allowance for compensation of the debtor's attorney as a cost chargeable to the estate was found in former section 64(a)(1). Under that section, the debtor's attorney must have rendered services "in aid of the administration of the estate" to be entitled to compensation from the estate. *See* 4 *Collier on Bankruptcy* p 330.04[3] (L. King 15th ed. 1986). The equivalent code provision, 11 U.S.C. § 503(b) provides that claims for compensation awarded under section 330(a) will be allowed as an administrative expense. Thus, "services of a debtor's attorney which were compensable under the Act, should be entitled to compensation under section 330." *See* 4 *Collier on Bankruptcy* p 330.04[3] (L. King 15th ed. 1986); *In re Epstein*, 39 B.R. 938, 940 (Bankr.D. N.M.1984).

The First Circuit has not ruled on this issue. However, District Court Judge Conrad Cyr, when he was a Bankruptcy Judge ruled, in 1975, that a debtor's attorney could be compensated for services rendered in defense of the dischargeability of individual debts. *In re Gray*, 7 C.B.C. 571 (Bankr.D.Me.1975). Judge Cyr relied on a 1933 United States Supreme Court decision, *Conrad, Rubin, & Lesser v. Pender*, 289 U.S. 472, 53 S.Ct. 703, 77 L.Ed. 1327 (1933). *In re Gray*, 7 C.B.C. at 579. The *Conrad* Court, noted Cyr, observed that the legal services within section 64 "are those rendered in aid of the administration of the estate and the carrying out the provisions of the Act." *Id.* (citing *Conrad*, 289 U.S. at 476, 53 S.Ct. at 704.) After discussing

the authority relied upon in *Conrad,* the court determined that "carrying out the provisions of the Act" included those proceedings which "provide for a 'fresh start' for deserving debtors by means of a decree of discharge relieving them of unmanageable indebtedness." *Id.* at 583 (citing *In re Christianson,* 175 F. 867, 868 (D.N.D. 1910)).

The court reasoned that it would be inequitable for courts to allow debtors to initiate voluntary bankruptcy proceedings and surrender their assets in anticipation of discharge relief, only to be denied effective relief because they lack necessary legal counsel with which to litigate their right to a discharge or to the discharge of a particular debt. *Id.* at 583. Thus, the court concluded, when Congress amended the Bankruptcy Act to vest the bankruptcy courts with exclusive jurisdiction to determine the dischargeability of individual debts, it was aware that

> to accomplish its goal it would be necessary to prevent the entry of default judgments on discharged debts resulting from the failure of the bankrupt, in the absence of adequate legal representation, to defend against such actions. Little will have been done to curb that abuse if the attorney for the debtor cannot be compensated for services performed in connection with the defense and enforcement of the discharge ...

*Id.* at 584. *Contra In re Lee,* 3 B.R. 15 (Bankr.N.D.Ga.1979); *In re Moore,* 57 B.R. 270 (Bankr.W.D.Okla.1986); *Lewis v. Fitzgerald,* 295 F.2d 877 (10th Cir.1961); *In re Jones,* 665 F.2d 60 (5th Cir.1982).

Another court, in *In re Spisak* concluded that it "would be inappropriate to adopt a rigid rule" disallowing compensation for legal services rendered in defense of a non-dischargeability action. 2 B.C.D. 1592, 1594 (Bankr.D.N.J.1977). This court agrees that a rigid rule to disallow attorney's fees rendered in defense of a nondischargeability action is inappropriate. Such a rule would surely contravene Congress' policy to permit an honest debtor[1] a fresh start by forcing the debtor to defend an objection to discharge or an objection to the dischargeability of individual debts without necessary legal counsel.

An Appropriate Order will be entered.

---

**1.** There is no evidence of dishonesty on the part of the debtors in this case.