## In re LIBERTY TRUST COMPANY, Debtor–In–Possession.

### Bankruptcy No. 87–70134.

United States Bankruptcy Court, W.D.Texas, Midland/Odessa Division.

Sept. 30, 1988.

## ORDER CONCERNING APPLICATION FOR APPROVAL OF ATTORNEYS' FEES

R. GLEN AYERS, Jr., Chief Judge.

After review of the application for attorneys' fees filed by Grambling & Mounce,

the Court has determined to disallow twenty of the hours claimed by Mr. Wiley James and twelve hours of the time claimed by Mr. Harrel Davis, disallowing the sum of $4,000.00, thus reducing the amount of allowable compensation to $46,719.00 in attorneys' fees and allowable expenses of $7,414.16.

The attorneys' fees application meets all the standards of the *First Colonial* case, *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977) *cert. denied* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977) and the applicable standards of the statute under § 327 save and except as noted below.

The fees requested are denied because a portion of the fees requested represent fees which can only be fees for the representation of Mr. Mike Furman, the debtor's principal.

As Judge Harold Abramson has stated in the *KenDavis Industries, Inc.,* 91 B.R. 742 (Bkrtcy.N.D.Tex.1988) (Administratively Consolidated), United States Bankruptcy Court for the Northern District of Texas, August 19, 1988, when the attorneys for the debtor begin to represent the debtor's principal, they may not be compensated because they are not disinterested parties.

While most of the time in this file was clearly incurred while representing the debtor entity, the thirty-two hours referred to can only be said to have been incurred while representing Mr. Mike Furman in an attempt by Mr. Furman to remain in control of the debtor in possession. A trustee was eventually appointed in this case because, quite clearly, Mr. Furman had breached fudiciary duties and committed what can only be described as fraud upon the depositors in the Liberty Trust case.

■ However, the Court does not question the ethics of the lawyers involved. The Court believes that those lawyers felt that they were compelled to represent the interest of the debtor as set forth by Mr. Furman. Therefore, while compensation for thirty-two hours of legal services will be denied, generally compensation will not be denied. The reason is simple: This is a case of the first impression in the Western

District, and the Court does not believe that denial of all compensation to the attorneys to for the debtors would serve any purpose other than to punish Mr. Davis and Mr. James for what they believed to be the required, diligent representation of their client as instructed by their client's owner and manager.

Wherefore, premises considered, the Court will allow compensation as set forth above, sustaining the objections of Mr. Allen, the trustee, and of the creditors committee only to extent set forth in this opinion.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that fees will be awarded consistent with this opinion.