In re Myron Carl HOLDEN, Janice
Kay Holden, Debtors.

Bankruptcy No. L87–01020C.

United States Bankruptcy Court,
N.D. Iowa.

March 1, 1989.

Joseph Peiffer, Cedar Rapids, Iowa, for debtors.

Michael Irvine, Cedar Rapids, Iowa, trustee.

Todd Elverson, Des Moines, Iowa, for Arlyn & Barton Holden.

## MEMORANDUM AND ORDER

*Re: Attorney Fees*

MICHAEL J. MELLOY, Chief Judge.

The matter before the Court is an Application for Attorney Fees filed by counsel for Debtors, Joseph A. Peiffer. The following constitutes the Findings of Fact, Conclusions of Law and Order, pursuant to Fed.R.Bankr.R. 7052.

## BACKGROUND

On April 28, 1987, Myron Carl Holden and Janice Kay Holden, ("Debtors") filed a Chapter 7 bankruptcy petition. The Debtors are represented by attorney Joseph A. Peiffer ("Debtors' Counsel"), who is presently seeking payment of attorney fees and expenses in the amount of $4,020.80. Fees and expenses of $1,392.75 have previously been paid from the retainer Debtors provided to Debtors' Counsel. Debtors' Counsel contends that he is entitled to compensation from the estate because *"[t]he Bankruptcy Court has a duty to approve payment of attorney fees* pursuant to 11 U.S.C. § 330(a)." Brief re: Payment of Debtors' Attorney Fees, p. 3 (emphasis added).

The representation provided by Debtors' Counsel on behalf of the Debtors included assistance in preparation of the bankruptcy schedules and statement of affairs. In addition, Debtors' Counsel seeks payment from the estate for other services performed, including attendance at two Bankruptcy Rule 2004 examinations; resisting various parties-in-interest's objections to exemptions (including a trial); resisting an adversary proceeding brought by the FDIC in which the FDIC objected to exemptions, contested the dischargeability of certain debts and sought to have Debtors' discharge denied; and settling those various matters. The major portion of the fees for which Debtors' Counsel seeks payment from the estate were incurred as a result of services performed relating to the objection to exemption filed by the Trustee on July 1, 1987. On or shortly before April 27, 1987, the Debtors purchased approximately $38,000 worth of life insurance. The money to make these purchases came from IRA's, insurance proceeds from the theft of personal property, rent payments and payments from the Commodity Credit Corporation. All of this property was non-exempt. The Debtors filed Bankruptcy on

April 28, 1987, within one or a few days of these conversions.

The Trustee claimed that the conversion of approximately $38,000 worth of non-exempt property into potentially exempt life insurance policies should not be allowed as exempt because those conversions constituted fraudulent transfers pursuant to 11 U.S.C. § 548. The Trustee and the Debtors filed a settlement of that dispute on August 1, 1988. The settlement required the Debtors to pay to the Trustee the sum of $10,000 in exchange for the dismissal of the Trustee's objection to exemption of the life insurance policy. As a result of the settlement, the Debtors were left with at least $28,000 in exempt insurance policies. Additionally, on October 19, 1987, this Court granted the Debtors' Motion To Avoid Liens in machinery which the Debtors valued at $19,550. Hence, the Debtors were allowed exemptions in the amount of at least $47,550.

The fee application in dispute was filed by Debtors' Counsel on June 14, 1988, and amended on October 5, 1988. Shortly thereafter, an objection to the application for allowance of attorney fees and expenses was filed by Arlyn G. Holden, a creditor of the estate. The Trustee did not object to the amended application. The Court held a hearing on December 20, 1988, on Debtors' Counsel's fee application. At the hearing, the applicant presented testimony and evidence with respect to the reasonableness of the fees sought by the applicant, and the benefit rendered to the estate.

As of December 20, 1988, the bankruptcy estate contained approximately $15,000. Debtors' Counsel contends that "[t]here clearly are sufficient assets in this estate to pay the tax claims of approximately $5,000, the Trustee's claimed attorney fees of $1,600, and the Debtors' attorney of $4,021. After payment of those requested fees, there will be approximately $5,400 to distribute to creditors." Brief re: Payment of Debtors' Attorney's Fees, pp. 5–6, as amended.

DISCUSSION

Debtors' Counsel seeks allowance of fees and costs as an administrative claim of the Debtors' bankruptcy estate. Specifically, Debtors' Counsel states that *"[t]he Bankruptcy Court has a duty to approve payment of attorney fees* pursuant to 11 U.S.C. § 330(a)." Brief re: Payment of Debtors' Attorney Fees, p. 3 (emphasis added) *citing In re Westside Creek Ltd. Partnership,* 93 B.R. 177 (Bankr.E.D.Ark. 1988).

The provision relevant in this case is 11 U.S.C. § 330. That section provides in pertinent part:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award ... to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title....

■ Debtors' Counsel misconstrues both § 330(a) and *Westside Creek.* The court in *Westside Creek* says that a *"court has an independent duty to examine attorney's fee applications."* *Westside Creek,* 93 B.R. at 179 (emphasis added). Section 330(a) states that the court *"may* award ... to the Debtor's attorney ... reasonable compensation."* (Emphasis added). Thus, Section 330(a) provides this Court with authority to independently examine Debtors' Counsel's fee application and in the Court's *discretion,* the Court may award or decline to award attorney fees.

Read literally, § 330 could support an argument that Debtors' Counsel may be entitled to reasonable fees if his services were actual and necessary. Courts do not read this section literally, however. *See, e.g., Matter of Ryan,* 82 B.R. 929, 931–32 (N.D.Ill.1987). In *Ryan,* an attorney for a Chapter 7 debtor sought payment of fees for time spent defending the debtor from dischargeability complaints. The court concluded that the services performed by

the attorney benefited the debtor personally and not the estate. In its discussion, the *Ryan* court stated:

> So far as we are aware, no court has chosen to read 11 U.S.C. § 330 literally since its enactment in the 1978 Bankruptcy Reform Act ("Bankruptcy Code"). Instead, all the decisions interpreting § 330 of the Bankruptcy Code carry over the near-unanimous view of prior Bankruptcy Act cases that, as a matter of law, attorneys may recover fees from the estate only if their labors actually benefited the estate.

*Ryan*, 82 B.R. at 931 (citations omitted).

Many courts have ruled that attorney's fees incurred while defending actions that do not benefit the estate are not payable from the estate. For example, the United States Supreme Court stated:

> We are not prepared to go further than to allow compensation for services which were beneficial to the estate. Beyond that point we must throw the risk of his conduct on the assignee, as he was chargeable with knowledge of what might happen.

*Randolph v. Scruggs*, 190 U.S. 533, 539, 23 S.Ct. 710, 713, 47 L.Ed. 1165 (1903). The Court subsequently rejected the possibility that representation in resistance to an involuntary petition may be beneficial to the estate: "No ground appears for allowing the item for services in resisting an adjudication of bankruptcy." *Id.* Most other courts also follow this approach. *See, e.g., Matter of Jones*, 665 F.2d 60 (5th Cir.1982) (Attorney for the debtor is not entitled to compensation out of the bankrupt estate for services rendered in defeating opposition to discharge filed by creditors); *In re Walter*, 83 B.R. 14, 19 (9th Cir. BAP 1988) (Bankruptcy court has authority to preclude use of estate property for payment of attorneys where services benefit only the debtor, and not the estate); *Stewart v. Law Offices of Dennis Olson*, 93 B.R. 91 (N.D. Tex.1988) (Appeal of state court judgment and dischargeability litigation benefit debtors personally and not the estate); *Matter of Crisp*, 92 B.R. 885 (Bankr.W.D.Mo.1988) (Debtor's attorney would not be compensat-ed from estate for services rendered that did not benefit the estate); *In re Liberty Trust Co.*, 92 B.R. 706 (Bankr.W.D.Tex. 1988) (Same); *In re De La Rosa*, 91 B.R. 920 (Bankr.S.D.Cal.1988) (Same); *In re Kendavis Indus. Intern., Inc.*, 91 B.R. 742 (Bankr.N.D.Tex.1988) (Law firm's unsuccessful efforts on behalf of estate warranted reduction of fees on ground that services did not benefit the estate); *In re Texaco Inc.*, 91 B.R. 222 (Bankr.S.D.N.Y.1988) (Law firm performed services solely for unsecured creditors' committee and did not make "substantial contribution" warranting award for legal services from property of estate); *In re Leff*, 88 B.R. 105 (Bankr. N.D.Tex.1988) (Counsel for Chapter 7 debtor entitled to compensation from debtor's estate only for services that benefit estate); *In re McLean Indus. Inc.*, 88 B.R. 36 (Bankr.S.D.N.Y.1988) (Attorney fees compensated by estate limited to services that benefit the estate); *In re Prairie Cent. Ry. Co.*, 87 B.R. 952 (Bankr.N.D.Ill.1988) (Same); *In re Fruits Intern., Inc.*, 87 B.R. 769 (Bankr.D. Puerto Rico 1988) (Same).

Clearly, the view of a large number of courts is that an attorney may not be compensated from the funds of the bankruptcy estate unless the attorney's work benefits the estate. However, a splinter of authority does lean the other way. This minority view concludes that debtor's counsel may be compensated from the estate for certain services that benefit the debtor personally, including the defense of a dischargeability complaint. *See In re Deihl*, 80 B.R. 1 (Bankr.D.Me.1987) (*citing In re Spisak*, 2 B.C.D. 1592, 1594 (Bankr.D.N.J.1977) and *In re Gray*, 7 C.B.C. 571 (Bankr.D.Me. 1975)). The court in *Deihl* determined that disallowing attorney's fees rendered in defense of a nondischargeability action would contravene Congress' policy to permit an honest debtor a fresh start. *Deihl*, 80 B.R. at 2. The *Deihl* court relied extensively on the *Gray* decision, which cited a Supreme Court case for the proposition that services rendered in "carrying out the provisions of the Act" included those proceedings which "provide for a 'fresh start' for deserving Debtors by means of a decree of discharge relieving them of unmanageable indebted-

ness." *In re Gray,* 7 C.B.C. at 583 (*citing Conrad, Rubin, & Lesser v. Pender,* 289 U.S. 472, 53 S.Ct. 703, 77 L.Ed. 1327 (1933)).

■ Debtors' Counsel contends that defending an objection to exemptions or discharge is a proceeding that helps to ensure the debtor a "fresh start," and that disallowing compensation from the estate for such services will eliminate the "fresh start" doctrine from the Bankruptcy Code. Further, Debtor's Counsel urges that this "fresh start" policy should override any concerns the Court may have regarding Debtors' conduct. Debtors' Counsel would have the creditors receive a dividend of pennies on the dollar, while he would receive one quarter of the bankruptcy estate. Thus, the burden of paying for the Debtors' conversion of non-exempt property into exempt property would fall squarely on the shoulders of the creditors. Other courts have considered this policy argument and rejected it. One court stated that the basic principle, that services compensated from property of the estate must benefit the estate, in fact "furthers the 'fresh start' objective of the Bankruptcy Code 'while not putting the full burden of the debtor's legal expenses on the estate and, consequently, the creditors.'" *In re Leff,* 88 B.R. 105, 109 (Bankr.N.D.Tex.1988) (*citing In re Hunt,* 59 B.R. 842, 843–44 (Bankr.N.D.Ohio 1986) (quoting *In re Zweig,* 35 B.R. 37, 38 (Bankr.N.D.Ga.1983))).

The *Deihl* court failed to consider that in order for a debtor's attorney to be entitled to compensation from the estate that the services must be rendered in aid of the administration of the estate. The legislative history for the Code clearly reflects a congressional intent not to compensate an attorney from the estate for all actions taken by the attorney. "Section 503(b)(3)(E) codifies present law in cases such as *Randolph v. Scruggs,* 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165 (1903) which accords administrative expense status to services rendered by a pre-petition custodian or other party to the extent such services actually benefit the estate." 124 Cong. Rec. H 11094–95 (daily ed. Sept. 28, 1978)

(remarks of Rep. Edwards); S 17411 (daily ed., Oct. 6, 1978) (remarks of Sen. DeConcini). The majority of authority clearly supports the proposition that reasonable necessary services means services that benefit the Debtors' estate, not the Debtor personally.

The services in question provided by Debtors' Counsel include resisting an objection to exemptions. Debtors' Counsel asserts that he is entitled to compensation from the estate because his services benefited the estate. Specifically, Debtors' Counsel contends that "[b]ut for the day in trial and the subsequent negotiations, this estate ... would not have received the $10,000 settlement ultimately agreed upon." Brief re: Payment of Debtors' Attorney Fees, pp. 7–8. However, but for the Debtors' questionable pre-petition actions, which personally benefited the Debtors, the extensive negotiations could have been avoided.

As Debtors' Counsel points out, courts have been fairly restrictive in their interpretation of what benefits the estate. For example, "[a]n attorney for the debtor is entitled to compensation for analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy; the actual preparation and filing of the petition, schedules of assets and liabilities, and the statement of affairs; and representing the debtor at the Section 341 meeting of creditors." *Matter of Olen,* 15 B.R. 750, 752 (Bankr.E.D.Mich.1981) (citations omitted). *See also Stewart v. Law Offices of Dennis Olson,* 93 B.R. 91, 95 (N.D.Tex.1988) (*citing In re Olen* for the above quoted proposition); *In re Leff,* 88 B.R. 105, 109 (Bankr.N.D.Tex.1988) (Same); *In re Riverview Financial Services, Inc.,* 67 B.R. 714, 715 (Bankr.E.D.Mich.1986) (Same); *In re Tabala,* 48 B.R. 871, 873 (S.D. N.Y.1985) (Same). Debtors' Counsel urges that this Court expand the list to include representation of the debtor at Bankruptcy Rule 2004 examinations, defense of objections to exemptions, defense of proceedings to deny discharge and dischargeability complaints. Debtors' Counsel concludes that these services benefit

the estate because of the orderly administration provided.

In certain circumstances, counsel for a debtor may be compensated from the bankruptcy estate for representing the debtor in a Bankruptcy Rule 2004 examination,[1] but not in this case. In certain circumstances, representation of a debtor at a Bankruptcy Rule 2004 examination may benefit the estate. For example, if a case is so inherently complex that a detailed examination of the debtor is required for the orderly administration of the case, representation of the debtor at such an examination may warrant compensating the attorney for the debtor from the estate. Where, however, a case is rendered complex only because of the debtor's pre-bankruptcy engineering, i.e., conversion of non-exempt property into exempt property, counsel for debtor may not be compensated from the estate for representation of the debtor at the Bankruptcy Rule 2004 examination. The Bankruptcy Rule 2004 examination in this case was required to grant to the Creditors the opportunity to discover the actions of the Debtors in converting non-exempt property into exempt property prior to the filing of bankruptcy. The Court finds that this is not an appropriate case in which to expand the list of services for which Debtors' Counsel may be compensated from the estate.

Debtors' Counsel received a retainer of $1,392.75 in this case. This Court has gone through Debtors' Counsel's fee application in detail and has determined that fees in the amount of $1,313.00 and expenses in the amount of $162.63, for a total of $1,475.63, are allowed. The Court therefore allows payment of $82.88 ($1,475.63 less the $1,392.75 retainer) to be paid from the estate to Debtors' Counsel for services rendered on behalf of the Debtors. Fees and expenses that are not allowed pertain to the Bankruptcy Rule 2004 examinations, resisting the objections to exemptions, and resisting the proceedings to deny the discharge and the dischargeability complaint.

This ruling does not mean that Debtors' Counsel is not entitled to the payment of the outstanding balance of his bill, only that he is not entitled to further payment from the bankruptcy estate. Debtors' Counsel's efforts saved Debtors at least $47,000 in exempt property, $28,000 of which was in the form of life insurance. This Court finds that "[a] Chapter 7 debtor's attorney must look to the debtor's exempt property and post-petition earnings to be compensated for his services." *See In re Leff,* 88 B.R. 109, *supra,* (*citing In re Ellrich,* 81 B.R. 132, 134 (Bankr.S.D.Fla. 1987)). This is in accordance with the information Debtors' Counsel provided to the Court. The Disclosure of Compensation Debtors' Counsel filed with the Court stated that "Debtors' have agreed to make additional payments from future income as are necessary."

## CONCLUSION

The Court allows compensation from the Debtors' estate only for services rendered that actually benefit the estate. This does not include payment for services rendered that benefit only the Debtors personally. While the Court determines that Debtors' Counsel is not entitled to compensation from the estate, this outcome in no way affects the Debtors' obligation to pay the remaining amounts due and owing to their attorney.

## ORDER

IT IS THEREFORE ORDERED that Debtors' Counsel's Application for Attorney Fees is granted to the extent of $82.88.

---

1. *See In re Wiedau's, Inc.,* 78 B.R. 904, 908 (Bankr.S.D.Ill.1987).