**In re Roderick D. REED, Appellant.**

No. 89–1114.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1989.

Decided Nov. 27, 1989.

Isaac A. Scott, Jr., Little Rock, Ark., for appellant.

No appearance for appellee.

Before BOWMAN, MAGILL, Circuit Judges, and HARPER, Senior District Judge.*

PER CURIAM.

Roderick Reed filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. After filing, it became necessary for him to defend a complaint brought by a creditor who sought a ruling that the debt owed the creditor was not dischargeable in bankruptcy. Reed's attorneys filed a fee application pursuant to 11 U.S.C. § 330 (1988) for services rendered in defending that action. The Bankruptcy Court,[1] 95 B.R. 626, disallowed those fees since they benefited only the debtor, concluding that professional services performed for a debtor in bankruptcy must benefit the estate in order to be recoverable from the estate. Reed's attorneys appeal the order of the District Court[2] affirming the Bankruptcy Court. We affirm.

■ There is a split of authority in the courts regarding the requirement that services rendered by counsel for the debtor benefit the estate before fees can be recovered. Counsel for Reed argue that the minority rule, which allows compensation regardless of whether the services benefit the estate rather than only the debtor, is the better rule. *See, e.g., In re Deihl,* 80 B.R. 1 (Bankr.D.Me.1987); *In re Cleveland,* 80 B.R. 204 (Bankr.S.D.Cal.1987). We agree, however, with the District Court (and the Bankruptcy Court) that the few opinions adopting the minority rule are not persuasive. In our judgment, the overwhelming weight of authority propounds the better rule requiring benefit to the estate, *see, e.g., In re Holden,* 101 B.R. 573 (Bankr.N.D.Iowa 1989), and we find no error of law in the adoption by the courts below of that rule.

■ We find no merit in the argument of Reed's attorneys that we should draw a distinction between fee applications in Chapter 7 cases and those in Chapter 11 cases. Section 330 applies to all bankruptcy cases; it makes no distinction between Chapter 7 and Chapter 11 cases. "In general, on an application for compensation from the estate, there is no difference between the [fee payment] standards to be applied in reorganization and liquidation cases." *In re Moore,* 57 B.R. 270, 271 (Bankr.W.D.Okla.1986) (fees were awarded where amounts sought were limited to those services producing benefit to or rendered in connection with estate). Indeed, many of the cases adopting the majority

---

* The HONORABLE ROY W. HARPER, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern District of Arkansas.

2. The Honorable Henry Woods, United States District Court Judge for the Eastern District of Arkansas.

rule that fees are not allowed for services that benefit the debtor but not the estate are Chapter 11 cases. *E.g., In re Jessee,* 77 B.R. 59, 61 (Bankr.W.D.Va.1987); *In re Chapel Gate Apts.,* 64 B.R. 569, 576 (Bankr.N.D.Tex.1986); *In re Spencer,* 48 B.R. 168, 171 (Bankr.E.D.N.C.1985).

 We have reviewed the thorough and well-reasoned orders of the courts below and find no error of law in their conclusion that an attorney fee application in bankruptcy will be denied to the extent the services rendered were for the benefit of the debtor and did not benefit the estate. We therefore affirm the order of the District Court. *See* 8th Cir.R. 14.