In re David W. MURRAY, Debtor.

Bankruptcy No. 89–12251WCH.

United States Bankruptcy Court,
D. Massachusetts.

Oct. 17, 1991.

Michael D. Weisman, Hill & Barlow, Boston, Mass., Sp. Counsel.

John R. Shelton, Bingham, Dana & Gould, for Fiduciary Trust Co.

## DECISION ON FIRST INTERIM FEE APPLICATION OF SPECIAL COUNSEL TO DEBTOR–IN–POSSESSION

WILLIAM C. HILLMAN, Bankruptcy Judge.

During the pendency of these proceedings, the debtor and a number of related entities were named as defendants in certain civil actions alleging violations of ERISA and RICO and further alleging fraud, embezzlement, and conversion. The plaintiffs also filed proofs of claim in this case and sought to have their claims held to be nondischargeable under Bankruptcy Code §§ 523(a)(2)(A), (a)(4), and (a)(6).

On March 18, 1981, Chief Judge Queenan granted the debtor's application to retain Michael D. Weisman and the law firm of Hill & Barlow ("Weisman") as "his special counsel under a general retainer" to handle these and related matters.

Weisman filed an interim fee application and Fiduciary Trust Company ("FT"), one of the plaintiffs in the civil action, objected.

There is no question but that Weisman did perform services related to the claim of nondischargeability. FT says that such efforts constituted $6,618.50 of the $37,078.50 fee sought.

We are urged by FT to deny so much of the compensation as relates to the dischargeability issue since the services did not actually benefit the estate. In so doing, it asks the Court to adopt the holding of *In re Reed*, 890 F.2d 104 (8th Cir.1989) and related cases which directly support its view, and to disown the minority decisions such as *In re Deihl*, 80 B.R. 1 (Bankr. D.Me.1987) which have allowed such payments from the estate.

The Court is not convinced that it should adopt a rule absolutely denying fees for the defense of dischargeability matters without exception. Indeed, it reads *Deihl* as going no further than saying "that a rigid rule to disallow attorney's fees rendered in defense of a nondischargeability action is inappropriate." 80 B.R. at 2.

Certainly, in the normal case, where the dischargeability litigation is free standing, the fees are easily applied to the

account of the debtor rather than the estate. Here, however, the issues involved in the claimed RICO and ERISA matters, as well as the allegations of fraud and conversion, are virtually the same as the elements of proof of nondischargeability.

Under the peculiar circumstances of this case, the Court finds that the fees attributed to defense of the dischargeability aspects of the case are so connected to the legal services which are appropriately charged to the account of the estate that it is both impossible and unwise to attempt a severance.

The objection to the payment of the interim compensation on that basis is denied.

 Turning next to the detailed explanation of services provided in accordance with Local Rule 34, the Court finds several minor items which are not properly payable. First, the Court finds that charges for time spent by administrative office support personnel, such as file clerks and information systems specialists, are not normally appropriate; these staff functions must be covered by the hourly rates of the professionals. As a result, $458.00 will be deducted from the fee allowed. Turning to the expense schedule, we find a charge of $92.50 for secretarial overtime. In the absence of a compelling reason to incur such charges, and none has been alleged, they will be disallowed.

Making these adjustments, Weisman is awarded an interim fee, covering services rendered through July 22, 1991, of $36,620.50 and expense reimbursement of $1,568.85, for a total of $38,189.35.