**In re Walter C. ROBBINS, Jr., Debtor.**

**Bankruptcy No. 5–91–01025.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Feb. 10, 1993.

Howard J. Beck, Roanoke, VA, for debtor.

Paul M. Black, Roanoke, VA, for Federal Realty Inv. Trust.

Thomas W. Kennedy, U.S. Trustee, Roanoke, VA.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the Court for decision involves that portion of the Fifth Application for Interim Compensation and Reimbursement of Expenses of Counsel for Debtor, Gentry, Locke, Rakes & Moore, (Gentry) pertaining to counsel's representation of the Debtor in dischargeability proceedings in this Chapter 11 case. Federal Realty Investment Trust (Federal Realty) objected to the allowance of the dischargeability portion of Gentry's fee application on the grounds that the defense of the dischargeability complaint brought by Chase Manhattan Bank, N.A. (Chase) did not benefit the estate and is, therefore, not awardable under 11 U.S.C. § 330 or allowable under 11 U.S.C. § 503(b)(2) as an administrative expense of the proceeding. Federal Realty and Gentry have stipulated that the fee portion of the application in dispute is $18,652.73 and that the expense portion of the fee application in contest is $654.00. The parties have filed memoran-

da of authority with respect to their positions.

### Law

In relevant part, 11 U.S.C. § 330(a)(1) provides:

> (a) ... the court may award ... the debtor's attorney—(1) reasonable compensation for actual, necessary services rendered by such ... attorney, ... based on the nature, the extent, and the value of such services, ...; and
>
> > (2) reimbursement for actual, necessary expenses.

11 U.S.C. § 503(b)(2) states:

> (b) After notice and a hearing, there shall be allowed administrative expenses, ... including—
>
> > (2) compensation and reimbursement awarded under section 330(a) of this title.

### Discussion

Federal Realty's position is that the services of the Debtor's attorney must "benefit the estate" in order to be eligible for award as "reasonable compensation for actual, necessary services" under section 330 and allowance as an administrative expense under 11 U.S.C. § 503(b)(2). Federal Realty cites a number of cases which hold that services by debtor's attorney under section 330 of the Code must benefit the estate in order to be eligible for payment from assets of the estate as an administrative expense. *See, In re Reed,* 890 F.2d 104 (8th Cir.1989), and *In re Holden,* 101 B.R. 573 (Bankr.N.D.Iowa 1989). It is clear from a review of these cases that a majority of courts hold that counsel for the debtor may not be compensated from assets of the bankruptcy estate unless counsel's work benefits the estate. In fact, there appears to be only two cases from the District of Maine which represent the minority view. *See In re Deihl,* 80 B.R. 1 (Bankr.D.Me. 1987), and *In re Gray,* 7 C.B.C. 571 (Bankr. D.Me.1975). The Bankruptcy Court for the District of Maine has recently published an opinion, *In re Kingsbury,* 146 B.R. 581 (Bankr.D.Me.1992), which declined to follow *Deihl,* and *Gray.* Thus, the holdings in both *Deihl* and *Gray* have been substantially eroded by the court which issued them.

The *Holden* case, *supra,* is a detailed analysis of both pre-Code and post-Code treatment of the benefit to the estate issue. It reveals that prior to the enactment of the Bankruptcy Code, benefit to the estate was a necessary component to eligibility for counsel's compensation. *Holden* traces the benefit to the estate standard to *Randolph v. Scruggs,* 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165 (1903). *Holden* also reviews the legislative history which reflects a congressional intent not to compensate an attorney from the estate for all actions taken by the attorney. *Holden* at 576.

*Colliers on Bankruptcy* also traces the history of the benefit to the estate issue from the Bankruptcy Act through the enactment of the Bankruptcy Code and concludes:

> The weight of authority under the Act was in favor or limiting compensability to services rendered in assisting debtors in performing their legal duties rather than exercising their legal privileges.
>
> The Code makes no change in this regard. Services of a debtor's attorney which were compensable under the Act, should be entitled to compensation under section 330. Colliers on Bankruptcy, ¶ 330.04[3] (15th Ed. 1988).

Thus, case law holds that a benefit to the estate factor existed both pre-Code and post-Code and *Colliers* opines no change from pre-Code treatment of this issue after enactment of the Code.

In supporting its position for compensation for services rendered in connection with the dischargeability complaint Gentry argues that the statutory language of section 330 must be compared to the statutory language of section 503(b)(3). Gentry points out that section 330 does not contain the specific language "benefit to the estate" as a prerequisite for awarding compensation, whereas section 503(b)(3) contains "benefit to the estate" as a predicate to administrative expense allowance:

(3) the actual, necessary expenses, ... incurred by—

(B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor.

Gentry also argues that by satisfying the "benefit to the estate" test under section 503(b)(3)(B), a creditor may position itself for recovery of reasonable compensation for professional services rendered by creditor's counsel under 11 U.S.C. § 503(b)(4). Gentry concludes that the foregoing sections illustrate that Congress was aware of a benefit to the estate standard for compensation under section 503(b)(4) and that its omission of those words from section 330 demonstrates an intent not to impose a benefit to the estate standard as a precondition to award of compensation under section 330.

■ Nothing in the legislative history indicates an intent on the part of Congress to subscribe to the theory of statutory construction advocated by Gentry. The focus of section 503(b)(3)(B) is allowance of "actual, necessary expenses" of a creditor. Under section 503(b)(3)(B), a creditor can position itself to be reimbursed on a administrative expense basis if (1) it obtains approval of the Bankruptcy Court to recover property of the estate prior to recovering it and (2) there is a determination that the recovery is for the benefit of the estate. This Code section was enacted to insure that administrative expenses be awarded to creditors who pursue assets of the estate only if their efforts benefit the entire estate and not just the particular creditor involved. Thus, under section 503(b)(3)(B), "benefit to the estate" is only one factor in determining whether the expenses of the creditor are "actual and necessary." Similarly, section 330 allows award of compensation for actual necessary services, "based on the nature, the extent, and the value of such services." The value of services is a gauge for determining whether the legal services of counsel are "actual and necessary."

It is clear that the reason for allowance of administrative expenses is to further the goal of maximizing a return to creditors of the estate. *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.,* 789 F.2d 98, 101 (2d Cir.1986). To do this in cases where a creditor pursues assets, section 503(b)(3) contains benefit to the estate language. Counsel for the applicant argues that this specific language must be in section 330 or it is not to be used as a gauge for determining an award of compensation and corresponding allowance of the award as an administrative expense under section 503(b)(2). To adopt counsel's argument one would have to reject the Code policy underlying administrative expenses in reviewing fee applications for debtor's counsel under section 330 but apply that policy to creditor's counsel under section 503(b)(4). This Court does not believe Congress intended such an inconsistent application of the policy underlying allowance of administrative expenses.

In attempting to read Code sections with similar language and apply word meanings consistently throughout the Code, it is important to focus on language similarities in section 330 and section 503. In this case, the words common to both sections are "actual" and "necessary." *See,* 11 U.S.C. § 330(a)(1) and compare 11 U.S.C. § 503(b)(1)(A) and 11 U.S.C. § 503(b)(3). A number of courts have held that in order to qualify as an actual and necessary cost of preserving the estate under 11 U.S.C. § 503(b)(1)(A), the cost must be "both supplied to and beneficial to the debtor in possession." *Amalgamated Ins. Fund* at 101. *In re Rhymes, Inc.,* 14 B.R. 807, 808 (Bankr.D.Conn.1981). Consistent application of Code language dictates that the same requirement of benefit to the estate be imposed under sections 330(a)(1) and (a)(2).

■ This Court holds that while benefit to the estate is not a pre-condition to award of compensation under section 330, it is a significant element to be considered in determining the value of services. In order for services rendered and expenses incurred by counsel for the debtor in defense of a dischargeability complaint to be compensable in a Chapter 11 case it is

necessary that the applicant demonstrate that its services and expenses facilitate rehabilitation or reorganization of the debtor. Absent such a showing, this Court may exercise its discretion and determine that the portion of the fees and expenses attributable to the discharge complaint are not actual and necessary.

Another reason which supports denial of fees and expenses from the estate for defense of dischargeability complaints is that these complaints usually arise due to some pre-petition conduct of the debtor and serve to benefit only the debtor. Thus, allowance of compensation from the estate to counsel for the debtor in defending a dischargeability complaint can be seen as using assets of the estate to pay for an alleged pre-petition wrongdoing of the debtor. This runs contrary to the Congressional purpose for allowance of administrative expenses.

### Conclusion

■ In the case at bar, Chase was successful in having the discharge of its debt denied. The factual basis upon which Chase proceeded involved pre-petition conduct of the Debtor in failing to pay over to Chase funds to which it was entitled. There is no tangible evidence that the denial of the discharge is of any value to the estate. On the other hand, allowance of payment of the fees as an administrative expense from the estate would diminish the estate by $18,652.73. This Court cannot find any indication that the services rendered by Gentry in defense of the dischargeability complaint fulfills the intent of Congress that allowance of administrative expenses have priority when they facilitate the efforts of the debtor in possession to rehabilitate for the benefit of all creditors of the estate. This Court holds that the services rendered by Gentry in defense of the dischargeability complaint and the expenses incurred are not necessary. Thus, they are not awardable under 11 U.S.C. § 330(a)(1) and (a)(2) or allowable under 11 U.S.C. § 503(b)(2).

This ruling does not have a chilling effect on the debtor's opportunity to obtain counsel to defend a dischargeability complaint. It simply allocates the cost of that defense to the appropriate party. Congress and the states have made resources available to the debtor to fund the defense. Nothing restrains the debtor from utilizing assets which are not property of the estate to pay counsel. Finally, a denial of award of compensation and expenses from the estate does not impact upon the right of counsel to collect from the debtor who has not objected to the fee and expense request by Gentry. Accordingly, it is

### ORDERED:

That the request for award of attorney's fees of $18,652.73 and for award of expenses of $654.00 included in the fifth application for interim compensation and reimbursement of expenses of Gentry, Locke, Rakes & Moore and attributable to the defense of the dischargeability complaint brought by Chase Manhattan Bank, N.A. be, and it hereby is DENIED.