_____

No. 95-3419
_____

In re: Susan M. Kohl, as surety     *
for Wilson Tanner Corporation,     *
                                     *
        Debtor,                 *
                                       *

_____ *
                                      *
Kenneth E. Keate; Keate Law     *
Office, P.A., attorneys for     *
Susan M. Kohl, as surety for     *
Wilston Tanner Corporation,     *
debtor,                       *
                                       *
        Appellants,            *
                                       *
       v.                     *   Appeal from the United States
                                       *   District Court for the District
Thomas F. Miller, Trustee for     *   of Minnesota.
the Bankruptcy Estate of Susan     *
M. Kohl, as surety for Wilson     *
Tanner Corporation; Barbara G.     *
Stuart, U.S. Trustee,     *
U.S. Trustee,     *
                                       *
        Appellees.            *

_____

Submitted: June 14, 1996

Filed: September 12, 1996
_____

Before LOKEN, ROSS and HANSEN, Circuit Judges.

_____

ROSS, Circuit Judge.


Susan M. Kohl (Debtor) initially filed a voluntary Chapter 7 proceeding on September 3, 1992. Debtor retained Kenneth Keate and the Keate Law Office (Keate) as her attorney and paid Keate a

$500.00 retainer.   At the time Debtor filed her petition, mortgage foreclosure sales on her home were pending.   A foreclosure sale was scheduled on her first mortgage for September 4, 1992, and on her second mortgage sometime after that.   Additionally, Debtor owed the Internal Revenue Service and the Minnesota Department of Revenue approximately $111,816 in past due taxes and penalties.   Debtor's only non-exempt asset was her right to receive an unencumbered $50,000 from a non-compete agreement from Skyline Displays, Inc. (Skyline funds).

One month later, on October 6, 1992, Debtor converted her Chapter 7 to a Chapter 11 proceeding.   According to Debtor, she converted to Chapter 11 in order to prevent foreclosure on her home and to work out a payment plan for her taxes once the Skyline funds were depleted.   Debtor's attempt at Chapter 11 reorganization, however, was unsuccessful.   Debtor was unable to fund a Chapter 11 plan due to insufficient funds and thus was never able to confirm a reorganization plan.   Despite her inability to reorganize, Keate was able to renegotiate both mortgages on Debtor's home and Debtor became current on her mortgage payments during the Chapter 11 proceeding. On January 12, 1994, after spending one and a half years in the Chapter 11 proceeding and incurring over $12,000 in legal fees, Debtor voluntarily reconverted her case to a Chapter 7.

Keate filed an application for compensation on August 24, 1994, seeking $14,041.32 in fees for services rendered in the Chapter 7 and Chapter 11 proceedings.   On October 17, 1994, following a hearing, the bankruptcy court entered an order denying Keate's fee application except for the $500.00 retainer received by Keate prior to the commencement of the Chapter 7 proceeding.   The court reasoned that most of Keate's services provided no benefit to the estate.   The district court affirmed the denial of fees.

Under 11 U.S.C. § 330(a)(1) of the Bankruptcy Code, a court can award debtor's attorney compensation only for actual and

necessary services.  In addition, "an attorney fee application in bankruptcy will be denied to the extent the services rendered were for the benefit of the debtor and did not benefit the estate."  In re Reed, 890 F.2d 104, 106 (8th Cir. 1989).  "This rule is based upon the legislative history of Bankruptcy Code section 330(a) and the unfairness of allowing the debtor to deplete the estate by pursuing its interests to the detriment of creditors."  In re Hanson, 172 B.R. 67, 74 (BAP 9th Cir. 1994).  While it is not necessary to have a successful reorganization in order for debtor's counsel to be awarded fees, fees may be denied when counsel should have realized that reorganization was not feasible and therefore services in that effort did not benefit the estate.  In re Coones Ranch, Inc., 7 F.3d 740, 744 (8th Cir. 1993); In re Lederman Enter., Inc., 997 F.2d 1321, 1324 (10th Cir. 1993) (fees may be disallowed where counsel knew or should have known that reorganization was not a viable possibility).

Here, both Debtor and Keate stated that the purpose of the Chapter 11 originated from Debtor's attempt to save her house from foreclosure. The house was declared an exempt homestead, and therefore could never have benefited the estate.  Keate also assisted Debtor in filing her personal and corporate tax returns and assisted her in reaffirming and renegotiating her tax debts.  These services did not benefit the estate.  See In re Estes, 152 B.R. 32, 34 (Bankr. W.D.N.Y. 1993) (reaffirmation of debt does not benefit the estate if creditor is unlikely to share in the distribution); In re Coastal Nursing Center, Inc., 162 B.R. 918, 920 (Bankr. S.D. Ga. 1993) (services rendered to protect exempt real estate were more beneficial to the debtor than to the estate, and therefore such services could not be compensated through the bankruptcy estate).

Further, given that Debtor had approximately $90,000 in remaining tax debts and penalties subject to the six-year payment provisions of 11 U.S.C. § 1129(a)(9)(C), coupled with Debtor's

approximate $2,000 monthly income and $1,900 monthly expenses, Keate should have known that reorganization under Chapter 11 was not feasible. Unfounded speculation on increases in Debtor's income is an insufficient basis upon which to convert to Chapter 11.  We agree with the district court that Keate's beneficial services, if any, were to Debtor and not the estate.  We also conclude that Keate had ample opportunity to be heard on his fee application at the October 5, 1994 hearing and thus affirm the district court's denial of a second hearing.

Based on the foregoing, we affirm the district court's denial of the fee application.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.