In re Myron J. KLOUBEC, Ellen K. Kloubec dba Kloubec Fish Farm, Debtors.

No. 99–02325–C.

United States Bankruptcy Court, N.D. Iowa.

July 18, 2000.

---

Michael Mallaney, Des Moines, IA, for debtors.

H. Raymond Terpstra II, Cedar Rapids, IA, for Farmers State Bank.

Renee Hanrahan, Cedar Rapids, IA, Chapter 7 Trustee.

Janet Reasoner, Cedar Rapids, IA, U.S. Trustee.

Thomas Fiegen, Cedar Rapids, IA, for Fiegen Law Firm, Movant.

## ORDER RE FINAL APPLICATION FOR ATTORNEYS' FEES AND EXPENSES FILED BY FIEGEN LAW FIRM

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned on June 20, 2000 to consider approval of the Final Application for Attorneys' Fees and Expenses filed by Fiegen Law Firm. Attorney Tom Fiegen appeared on behalf of the Fiegen Law Firm ("Counsel"), former counsel for Debtors. Renee Hanrahan appeared as Chapter 7 Trustee. H. Raymond Terpstra II appeared on behalf of Farmers State Bank. Janet Reasoner represented the U.S. Trustee. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF THE CASE

Counsel seeks approval of total fees and expenses of $30,957.91 as attorney for Debtors in their Chapter 12 case. Debtors, creditors CompoArts Printing and Farmers Savings Bank, the U.S. Trustee and the Chapter 7 Trustee all filed objections to the Fee Application.

Some parties object to allowance of the fees as an administrative expense of the Chapter 7 case. Counsel has now withdrawn the request for a Chapter 7 administrative allowance. Instead, he requests allowance of fees as an administrative expense in the Chapter 12 case. This case converted from Chapter 12 to Chapter 7 by Order of the Court on March 14, 2000.

The objecting parties assert that certain services Counsel performed did not benefit the estate, specifically those related to Debtors disclaiming an inheritance and granting security interests to family members prepetition; defending the motions to convert or dismiss the Chapter 12 case; and defending § 523 and § 727 complaints. The Bank also asserts evaluating a lender liability suit against the Bank, contesting the homestead waiver in the Bank's mort-

gage, and resisting discovery requests and turnover of insurance funds benefitted only Debtors and should not be compensated from the bankruptcy estate.

U.S. Trustee asserts the fees requested are not reasonable and the estate should not bear the burden of paying counsel for efforts to place assets outside the reach of creditors. Trustee Hanrahan objects to ·allowance of fees for services that depleted estate assets. She objects to the extent fees arose from unnecessary efforts filing for delays, drafting pleadings never filed and recruiting special litigation counsel. Trustee states the irony is that Counsel seeks to be paid for services related to pre-bankruptcy planning and transactions which she must now seek to avoid or set aside as Chapter 7 Trustee.

This Court filed an Order on March 14, 2000 converting Debtors' Chapter 12 case to Chapter 7 for cause. The Court found Debtors engaged in a concerted pattern of conduct designed to misrepresent their financial picture to the detriment of unsecured creditors. It noted Debtors eliminated as much as $250,000 from their assets prepetition, giving family members assets, liens or security interests in an attempt to remove property from the pool of funds available for unsecured creditors.

After conversion, the Chapter 7 Trustee filed adversary complaints to avoid security interests and the disclaimer of inheritance which benefitted Mr. Kloubec's family members and to avoid security interests given to Mrs. Kloubec's parents. Also, both the Bank and the U.S. Trustee have filed adversary complaints objecting to discharge for false oaths and fraudulent transfers.

## CONCLUSIONS OF LAW

 A court may award debtor's attorney compensation only for actual and necessary services. *In re Kohl*, 95 F.3d 713, 714 (8th Cir.1996); 11 U.S.C. § 330(a)(1). Bankruptcy courts have broad discretion in decisions regarding

debtors' attorneys fees. *See In re Coones Ranch, Inc.*, 7 F.3d 740, 744 (8th Cir.1993).

Counsel noted at the hearing that the fee application filed March 31, 2000 in this case does not totally comport with the Court's recent rulings regarding attorney fees in *In re Blessing Indus., Inc.*, No. 00–00140-W, slip op. 3–6 (Bankr.N.D.Iowa May 31, 2000), and *In re Rubber Dev., Inc.*, No. 98–03432-W, slip op. at 1–3 (Bankr.N.D.Iowa Apr. 24, 2000). The Court has considered the standards set out in those two rulings in reviewing the fee application herein, as well as the principles stated in the cases cited herein.

## BENEFIT TO THE ESTATE

 Attorney fee applications for debtors' attorneys in bankruptcy will be denied to the extent the services rendered were for the benefit of the debtor and did not benefit the bankruptcy estate. *In re Reed*, 890 F.2d 104, 106 (8th Cir.1989) (defending dischargeability complaint benefitted only debtor, not estate). The award of compensation is limited by the court's determination that the services were reasonably likely to benefit the debtor's estate and were necessary for the administration of the case. *In re Abraham*, 221 B.R. 782, 784 (10th Cir. BAP 1998) (denying compensation for services transferring title to equipment on the eve of chapter 11 filing; court found transfers were intended to delay creditors and did not benefit the estate); 11 U.S.C. § 330(a)(4)(A)(ii). Only the services that assist a debtor in performing the debtor's legal duties as opposed to exercising legal privileges are compensable from the estate. *In re Dawson*, ·180 B.R. 478, 479 (Bankr.E.D.Tex.1994) (finding services defending actions related to a debtor's discharge are not for the benefit of the estate).

In *Kohl*, 95 F.3d at 714, the Eighth Circuit concluded the services of the debtor's attorney to save the exempt homestead from foreclosure, filing tax returns, and reaffirming and renegotiating debts

were beneficial only to the debtor and not to the estate. Time expended relating to the debtors' fraudulent transfer of their real property and to a creditor's attempt to bar the debtors' discharge are not regarded as of any benefit to the estate and accrue primarily for the personal comfort of the debtors. *In re Tabala*, 48 B.R. 871, 873 (S.D.N.Y.1985). Services devoted to defense of stay relief applications generally protect postpetition rights of the debtors and do not benefit the estate. *In re Thomas*, 195 B.R. 18, 19 (Bankr.W.D.N.Y. 1996).

In *In re Lederman Enters., Inc.*, 997 F.2d 1321, 1324 (10th Cir.1993), the court found services of a Chapter 11 debtor's attorney unnecessary and not compensable from the estate where the debtor's inability to successfully reorganize should have been apparent to counsel from the commencement of the case. The court in *In re Tamojira, Inc.*, 210 B.R. 702, 706 (Bankr. E.D.Va.1996), stated that a debtor's counsel cannot expect to be compensated for services that were rendered in bad faith and which could not have benefitted the debtor's estate. The court had previously ruled that the attorney had failed to conduct a reasonable investigation of the debtor's previously dismissed case and sanctioned both the debtor and the attorney under Rule 9011. *Id.* at 704; *see In re Tamojira, Inc.*, 197 B.R. 815, 820 (Bankr. E.D.Va.1995).

This Court in *In re Holden*, 101 B.R. 573, 577 (Bankr.N.D.Iowa 1989), allowed compensation from the debtors' estate only for services rendered that actually benefit the estate, which does not include payment for services rendered that benefit only the debtors personally. It noted that courts have been fairly restrictive in their interpretation of what benefits the estate. *Id.* at 576. The Court refused to allow fees and expenses pertaining to Rule 2004 examinations, resisting objections to exemptions and resisting proceedings to deny the discharge and a dischargeability complaint. *Id.* The debtors in *Holden* had converted

nonexempt property into exempt life insurance within one or a few days before filing their Chapter 7 petition. *Id.* at 573–74. Services of the debtors' attorney settling the trustee's objection to exemption of the life insurance were not payable by the estate. *Id.* at 576. "[B]ut for the Debtors' questionable pre-petition actions, which personally benefited the Debtors, the extensive negotiations could have been avoided." *Id.* The Court also noted that the case was rendered complex because of the debtors' pre-bankruptcy engineering. *Id.* at 577.

██ Pursuant to the foregoing, services by a debtor's attorney which have no benefit to the estate are not compensable from the bankruptcy estate. Noncompensable services include protecting the debtor's exemptions, defending against objections to discharge and dischargeability complaints, facilitating and defending pre-bankruptcy transfers, and resisting creditors' requests for relief from the automatic stay.

██ The Court has reviewed the Application for Fees and Expenses at length to consider whether Counsel's services were reasonably likely to benefit the bankruptcy estate. In many respects, the objections filed are well taken. The Court finds services relating to Debtor Myron Kloubec's disclaimer of his inheritance and Debtors' grants of security interests to family members benefitted only Debtors. The effect was to remove property from Debtors' bankruptcy estate. Counsel's services relating to Debtors' efforts to contest the Bank's homestead waiver and for turnover of insurance proceeds likewise had no benefit to the estate as any recovery would have increased Debtors' exemptions, not property of the estate. Evaluation of a lender liability suit against the Bank was not reasonably likely to benefit the estate as Debtors had waived all rights to such a suit. Debtors' attempts to resist the Bank's discovery requests did not benefit the estate but merely delayed valid proceedings.

■ Trustee correctly points out that Counsel's efforts filing for delays and recruiting special litigation counsel had no benefit to the estate. Nor did counsel's services relating to dischargeability actions. Resisting secured creditors' motions for relief from the automatic stay did not benefit the estate. Attempting to keep possession of property which constitutes collateral has no benefit to unsecured creditors.

■ The Court notes that Counsel's efforts to find replacement counsel to represent Debtors after his withdrawal as counsel had no benefit to the estate. Furthermore, services preparing, filing and defending Debtors' Chapter 12 plan are not compensable in this case. The Plan was patently unconfirmable when filed because it failed to pay unsecured creditors as much as they would receive in a Chapter 7 liquidation. Counsel knew or should have known that such a plan had no chance of confirmation.

■ The Court's March 14, 2000 order converting this case to Chapter 7 finds Debtors engaged in a pattern of conduct detrimental to unsecured creditors. A portion of Counsel's services facilitated this conduct. While the Court does not wholly attribute Debtors' conduct to counsel, counsel has a duty to supervise clients' conduct for compliance with the Bankruptcy Code. Counsel too willingly allowed Debtors to further their personal goal of keeping as much of their property out of the hands of their creditors as possible. Some pre-bankruptcy planning may be appropriate. The extent to which Debtors engaged in pre-bankruptcy planning in this case is not. To the extent Counsel's services facilitated Debtor's inappropriate conduct, such services are not compensable from the bankruptcy estate.

■ In light of the foregoing and pursuant to the additional standards set out in previous rulings of this Court, the Court concludes Fiegen Law Firm shall be compensated for services rendered of $12,552.

This amounts to approximately 45% of the total fees requested. Rather than indulge in a line by line review of expenses, the Court allows 45% of the expenses requested, or $1,409.36, plus $250.00 filing fees. Fiegen Law Firm, therefore, is entitled to total attorney fees and expenses of $14,211.36.

Counsel has received total payments of $4,445.17 and the firm's trust account has a balance of $3,589.45. Counsel may now take payment from the trust account. The remainder equals $6,176.74 and constitutes a Chapter 12 administrative expense in this case. All remaining fees and expenses requested which have not been approved are disallowed.

**WHEREFORE,** the Final Application for Attorneys' Fees and Expenses filed by Fiegen Law Firm is APPROVED IN PART and DENIED IN PART.

**FURTHER,** Fiegen Law Firm's fees and expenses as attorney for Debtors are allowed in the total amount of $14,211.36.

**FURTHER,** of this amount, $6,176.74 remains unpaid and is a Chapter 12 administrative expense in this case.

**FURTHER,** all other fees and expenses requested are disallowed.