**326**

In re Richard J. FRASER and
Erlene L. Fraser, Debtors.

NELSON & SMALL, INC., Plaintiff,

v.

Richard J. FRASER and Erlene
L. Fraser, Defendants.

Bankruptcy No. 88–20323.
Adv. Proc. No. 89–2062.

United States Bankruptcy Court,
D. Maine.

Nov. 23, 1993.

Kenneth D. Pierce, Bernstein, Shur, Sawyer & Nelson, Portland, ME, for plaintiff.

Kevin L. Carder, Platz & Thompson, P.A., Lewiston, ME, for defendants.

### MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

This matter arises out of an application by Counsel for compensation and reimbursement of expenses in the representation of Richard J. Fraser and Erlene L. Fraser (the "Frasers"), who filed for Chapter 13 protection on September 21, 1988. On February 23, 1989, the case was converted to a Chapter 7 proceeding and the law firm of Platz & Thompson (the "Applicant") represented the Frasers in the total proceedings, as well as in an action for non-dischargeability commenced by creditor, Nelson & Small, Inc., against the Frasers on May 4, 1989 (the "Nelson & Small non-dischargeability action"). On April 22, 1992, Applicant submitted an interim application for attorney's fees. By Memorandum of Decision and Order dated July 21, 1992, this Court allowed payment of compensation and fees relating to the Chapter 7 estate.[1] In addition, in the July 21, 1992 ruling, this Court stated that it would follow the precedent established in *In re Deihl*, 80 B.R. 1, 2 (Bankr.D.Me.1987) and permit attorney's fees and costs in the defense of the Nelson & Small non-dischargeability action. But, the Court reserved final judgment on the actual amount to be awarded to Applicant until the Nelson & Small non-dischargeability action was resolved.

On June 23, 1993 the Nelson & Small non-dischargeability action was settled. On September 8, 1993, Applicant submitted an interim application for attorney's fees and costs totalling $8,875.75.[2] The trustee objects to the application to the extent that it includes compensation for defense of the Nelson & Small non-dischargeability action. Trustee cites to *In re Kingsbury*, 146 B.R. 581 (Bankr.D.Me.1992) for support. In *Kingsbury*, Judge Haines ruled that compensation was unavailable for defending non-dischargeability actions.

Applicant argues that, notwithstanding *Kingsbury*, attorney's fees should be granted because this Court's order of July 21, 1992 is the "law of the case." This doctrine expresses the general practice of refusing to open what has been decided. *In re Johns–Manville Corp.*, 40 B.R. 219, 226 (S.D.N.Y.1984) *citing Slotkin v. Citizens Cas. Co. of New York*, 614 F.2d 301, 312 (2d Cir.1979) *cert. denied sub nom American Mutual Ins. Co. v. Slotkin*, 449 U.S. 981, 101 S.Ct. 396, 66 L.Ed.2d 243 (1980). Because the Court's

---

1. The July 21, 1992 Memorandum of Decision is attached as Exhibit A.

2. This figure represents fees and costs in the amount of $403.88 for administration of the Chapter 7 estate, and $8,471.87 relating to the non-dischargeability action.

July 21, 1992 holding was a final decision, the "law of the case" applies here. The ruling allowed the Applicant attorney's fees for the defense of the Nelson & Small non-dischargeability action, and judgment was withheld only concerning the amount to be awarded to Applicant. Therefore, this Court awards Applicant fees and expenses in the amount of $8,875.75.[3]

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.

An appropriate order shall enter.

### EXHIBIT A

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF MAINE

In Re:

### RICHARD J. FRASER AND ERLENE L. FRASER,

Debtors

Chapter 7

Case No. 88–20323

July 21, 1992.

### MEMORANDUM OF DECISION

Platz & Thompson ("Applicant"), attorneys for the above-captioned Debtors, has filed a Revised Application For Attorney's Fees (the "Application"), in which Applicant seeks compensation for services rendered in the amount of $11,107.75 and reimbursement of expenses in the amount of $297.87, for total compensation of $11,405.62.[1] The Application has been segregated to reflect services rendered in the originally-filed Chapter 13 case, the converted Chapter 7 case, and the defense of the Debtors against a non-dischargeability complaint filed by creditor Nel-

son & Small. The Chapter 7 trustee has objected to three aspects of the Application: 1) intra-office conferences which the trustee alleges were not actual or necessary, or were duplicative; 2) the practice of "lumping" services into large blocks of time; and 3) payment from this estate of attorneys' fees incurred in defending the non-dischargeability complaint.

As a preliminary matter, it should be noted that Applicant has indicated hourly rates of $90.00 and $95.00 per hour for the two attorneys who apparently performed services for the Debtor, but the Application fails to specify which attorney performed each task. Furthermore, the Application states that paralegal time was billed at $47.50 per hour. The itemization itself, however, indicates that paralegal time was charged at $45.00 per hour. Due to the Applicant's failure to specify "the name of the individual performing such task" and the corresponding hourly rates in accordance with Local Bankruptcy Rule 2016(a), this court will compensate the attorneys at $90.00 per hour for all tasks performed, and will allow compensation for paralegal fees at $45.00 per hour. Accordingly, the maximum compensation for services which the Applicant may be awarded is $10,559.25.[2]

### INTRA–OFFICE CONFERENCES

Throughout the period January, 1989 to March, 1992, Applicant expended 2.15 hours in intra-office conferences regarding several matters. While it is true that such conferences can be unnecessary or duplicative, 2.15 hours over a three-year span seems to this Court to be a reasonable expenditure of time. When several attorneys of the same law firm are concurrently working on a case, it is reasonable to expect that a small percentage of time will be spent coordinating efforts and discussing various situations. Each intra-office conference billed in the Application

---

**3.** The holding here is limited to this single case, and in so ruling the Court does not intend at this time to consider the issues raised and determined in the *Kingsbury* decision.

**1.** In fact, the Applicant has sought only $9,657.75 in fees. This $1450 difference represents a retainer which the Applicant has subtracted from his fee application. Of course, *all*

fees must be approved by this Court whether or not paid out of retainer funds. Thus, this Court will examine the full amount of fees which are itemized for the period in question.

**2.** This sum represents 115.75 hours of attorney time at $90 per hour, plus 3.15 hours of paralegal time at $45 per hour.

was limited to less than an hour, with the majority under one-half an hour. In fact, most conferences involved the claims of Nelson & Small, the creditor who initiated the non-dischargeability action. Under these circumstances, this Court finds that the time spent on such conferences was necessary and reasonable.

*TIME CONSOLIDATION*

In two separate entries, the Applicant has consolidated, or "lumped," many smaller tasks into one larger block of time. The first, entitled "All Written Communications Concerning Case," was entered on January 22, 1990 for 4.10 hours; the second entry was on April 7, 1992 for 1.40 hours, and is labelled "Written Communications (Correspondence)." Although these amounts are almost de minimis, the trustee is correct in his assertion that this type of "lumping" is impermissible. Such entries do not conform to Local Bankruptcy Rule 2016(a), which provides that the itemization "contain the date *each task* was performed ... and a description of the nature of each service performed and the time expended in its performance." (emphasis added) This degree of minute detail is not meant to frustrate or punish an applicant for compensation, but is required to aid the court's determination of whether services rendered were fair, reasonable and necessary pursuant to 11 U.S.C. § 330(a). The "lumping" involved in this case is not egregious; however, it cannot go ignored. Based on this Court's determination of reasonable compensation for these services, the 5.5 hours allocated to "written communication" shall be allowed in the reduced amount of 2 hours, thereby lowering the total amount of fees by $315.00.[3]

*NON–DISCHARGEABILITY DEFENSE*

In defending the non-dischargeability complaint, Applicant has expended almost 60 hours, totalling $4,992.75 in fees, for both attorney and paralegal time.[4] The trustee argues that these fees should not be paid out of estate funds because the services benefit-

ted the Debtor and not the estate. In support, the trustee points out several cases from outside of this jurisdiction which espouse the majority view that costs associated with non-dischargeability actions are not compensable from the estate. However, courts in this district have consistently held to the contrary. In 1987, the Bankruptcy Court for the District of Maine held that "a rigid rule to disallow attorney's fees rendered in defense of a nondischargeability action is inappropriate. Such a rule would surely contravene Congress' policy to permit an honest debtor a fresh start by forcing the debtor to defend an objection to discharge or an objection to the dischargeability of individual debts without necessary legal counsel." *In re Deihl,* 80 B.R. 1, 2 (Bankr.D.Me. 1987). The *Deihl* decision was based in part on the notion that a debtor should obtain complete relief, including a "fresh start," when filing for bankruptcy. Thus, it would be inequitable to deny an honest debtor the legal counsel necessary to defend that debtor's right to a discharge.

This Court intends to follow this well-reasoned precedent. However, the non-dischargeability proceeding in this case remains pending. The docket reflects that in May, 1992, the presiding bankruptcy judge denied the Plaintiff/Creditor's motion for summary judgment on each count of the complaint and ordered a final pretrial conference to be held, at which time a trial date will be established. Under these circumstances, it seems imprudent for this Court to decide whether the attorneys' fees associated with that proceeding should be allowed. Instead, this Court will reserve this determination until the non-dischargeability proceeding has been resolved, at which time the Debtors' honesty and entitlement to a discharge can be more thoroughly analyzed.

Therefore, at this time the Applicant shall be awarded $5,251.50 as compensation for services rendered, and $297.87 as reimbursement for actual expenses and, with respect to the $4,992.75 incurred in connection with the

---

3. As noted above, this Court assumes the $90.00 rate is in effect.

4. The figure of $4,992.75 corresponds to 54.15 hours of attorney time, which this Court assumes is being billed at $90.00 per hour, plus 2.65 hours of paralegal time at $45.00 per hour.

non-dischargeability action, the decision will be reserved until that action has been resolved.

The foregoing constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

An appropriate order shall issue.

### ORDER

In accordance with a Memorandum of Decision of even date herewith, it is hereby

ORDERED that the above-captioned debtors' attorneys shall be awarded $5,251.50 as compensation for services rendered, and $297.87 as reimbursement for actual expenses, and it is further

ORDERED that decision is reserved with respect to $4,992.75 incurred by debtors' attorneys in the defense of a non-dischargeability complaint filed against the debtors by creditor Nelson & Small, until such proceeding is resolved and the debtors' attorneys have notified this court of such resolution, and it is further

ORDERED that all other fees sought herein are disallowed.