**In re AMERICAN FOOD SERVICES, INC., Debtor.**

**Bankruptcy No. 93–1–3537–SD.**

United States Bankruptcy Court, D. Maryland, at Rockville.

April 7, 1994.

Joseph A. Trevino, Greenbelt, MD, for debtor.

### *MEMORANDUM OF OPINION*

DUNCAN W. KEIR, Bankruptcy Judge.

This case was commenced by the filing of a Petition instituting a case under Chapter 11 and listing Joseph A. Trevino as the attorney for the Debtor on June 24, 1993. Mr. Trevino also filed a Statement of Compensation pursuant to Rule 2016(b) at that time. However, no application to approve employment of counsel was filed at that time. On July 15, 1993, Debtor's Plan under Chapter 11 was filed by the Debtor. Among other things, that Plan failed to provide for the payment of claims specified in 11 U.S.C. § 507(a)(1) and 507(a)(2), in accordance with the requirements of 11 U.S.C. § 1129(a)(9)(A). Furthermore, the Plan's description of a Class of Unsecured Creditors was by reference to a list which contained only the names of the 20 Largest Creditors. Taken literally, the Plan does not provide for the payment of any distribution to Unsecured Creditors below the top 20 and would be violative of 11 U.S.C. § 1123.

Although no Court Order had been applied for or entered, fixing a time for filing a Disclosure Statement as other than the date of filing of the Plan, as required under Rule 3016(c), the Plan was not accompanied by any Disclosure Statement. As a result, on July 26, 1993, this Court entered an Order Fixing Time for Filing a Disclosure Statement, requiring that it be filed within 30 days from the date of the Order. No Disclosure Statement was filed within the time allotted by that Order. Accordingly, on September 15, 1993, this Court entered an Order to Show Cause Why The Case Should Not Be Dismissed For Failure To File The Disclosure Statement.

Within the time allowed by the Show Cause Order, Mr. Trevino on behalf of the Debtor, filed a Praecipe responding to the Show Cause and stating that the Debtor's "Disclosure Statements for July and August, 1993 had been mistakingly filed with the Chapter 11 United States Trustee's Office." The "Disclosure Statements" were therewith filed. However, attached to the Praecipe was not a Disclosure Statement, but copies of the Operating Reports for July and August, 1993. It appears that Mr. Trevino was unfamiliar with what a Disclosure Statement was and therefore could not tell the difference between the Operating Report and Disclosure Statement. As a result, this Court on October 4, 1993, responded to the Praecipe by interlineating the Praecipe notifying Counsel that the Show Cause had not been satisfied because a Disclosure Statement still had not been filed. On October 13, 1993, Debtor filed Debtor's Disclosure Statement in Support of Final Reorganization.

Objections to the Disclosure Statement were filed by various creditors and a hearing on Approval of Disclosure Statement was held by this Court on March 10, 1994. Approval of the Disclosure Statement was denied for numerous failures in the Disclosure Statement including, but not limited to, the failure of the Disclosure Statement to provide any information concerning: the amount of unsecured debt, projection of the revenues to be provided to fund payments under the Plan, and treatment of various secured claims. The Order Denying Approval allowed 30 days within which the Debtor could file an Amended Disclosure Statement.

On March 22, 1994, Mr. Trevino submitted on behalf of the Debtor, Debtor's First Amended Disclosure Statement and First Amended Plan. In addition, Mr. Trevino filed for the first time an Application for Approval of Employment of Accountant and Attorney. This Application requested approval of the employment of Mr. Trevino as Attorney for the Debtor and of DiNenna & Associates as Accountant for the Debtor, Nunc Pro Tunc to the beginning of the case. No facts were provided in support of the request for the Relief Nunc Pro Tunc. Furthermore, the Application was accompanied only by an Affidavit of Disinterestedness as to Mr. Trevino. The averments set forth in the Application make it clear that only one affidavit was intended to accompany the combined Application for employment of attorney and accountant.

Before the Application was acted on by this Court, Mr. Trevino filed on behalf of the Debtor a Certificate of Mailing of Ballot to Approve or Reject Plan. It is set forth in the Certificate that Mr. Trevino, as attorney for the Debtor, mailed out ballots to each of the Creditors of the Estate to Approve or Reject Debtor's Plan of Reorganization. This mailing is in direct and absolute contravention of the requirements of 11 U.S.C. § 1125(b) which prohibits any acceptance or rejection of a plan from being solicited after the commencement of the case unless, at the time or before such solicitation, there is transmitted to the holder of the claims the plan and a written disclosure statement *"approved, after notice and a hearing, by the Court as containing adequate information."* Inasmuch, as this Court has denied the approval of the First Disclosure Statement filed in this case and has yet to act upon the Amended Disclosure Statement, it is clear that there has not been the prerequisite approval of a written disclosure statement required before any solicitation for acceptances or rejections of the plan may be made.

■ In the Affidavit of Mr. Trevino attached to the Application for Approval of Employment, Mr. Trevino states that he has adequate experience in bankruptcy, insolven-

cy representation and debtor/creditor law and is qualified to represent the debtor-in-possession generally. Regretfully, this Court must disagree. The history of this case demonstrates that Mr. Trevino does not have the understanding and experience to represent the Debtor at the most basic level in a Chapter 11 case. The continued failure by Mr. Trevino to observe the most basic requirements of Chapter 11 concerning the contents of the Disclosure Statement, Plan, Requirement for Approval of the Disclosure Statement before solicitation for votes on the Plan and his confusion between a Disclosure Statement and Operating Reports all demonstrate that Mr. Trevino is not competent counsel for representation of the Debtor in this Chapter 11.

11 U.S.C. § 327(a) requires that this Court approve counsel for the debtor-in-possession. The power to approve counsel granted by that statute of necessity also includes the power to withhold approval. *In re Michigan Interstate Railway Company, Inc.,* 32 B.R. 325 (E.D.Mich.) (1983). Only in the rarest of cases should this Court withhold approval of the debtor-in-possession's choice of counsel. However, this is one of those rare cases. The applicant's inability to provide the representation required under the particular case at hand must prevent the approval of the Application for Employment.

As to the Application on behalf of the Accountant to be Employed Nunc Pro Tunc, since the Application is not accompanied by required Affidavit of Disinterestedness, it cannot be approved at this time.