**In re TAMOJIRA, INC., Debtor.**

**Bankruptcy No. 94–34438–T.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Jan. 23, 1996.

---

See also 197 B.R. 815.

Douglas E. Ballard, Virginia Beach, VA, for Debtor.

Michael S.J. Chernau, Chesterfield, VA, for Chesterfield County.

Gregg R. Nivala, Richmond, VA, trustee.

*AMENDED MEMORANDUM OPINION*

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Douglas E. Ballard requests the court to approve his application for retroactive employment as counsel for debtor along with a fee application and expense reimbursement in the respective amounts of $97,250.00 and $3,674.85. Both applications will be denied.

*Findings of Fact*[1]

Debtor Tamojira, Inc., filed a chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Western District of North Carolina on April 20, 1994. In that case, creditor Chesterfield County, Virginia, moved for relief from the automatic stay or, in the alternative, dismissal of the case for bad faith filing. After an evidentiary hearing, Bankruptcy Judge George Hodges found that debtor had filed the petition in bad faith and granted Chesterfield County's motion by dismissing the case.

After the North Carolina bankruptcy was dismissed by Judge Hodges (from which no appeal was taken), debtor's principal, Joseph P. Pritchard, contacted attorney Douglas E. Ballard of Virginia Beach, Virginia, about debtor refiling for bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. On December 13, 1994, debtor commenced the bankruptcy case that is currently before this court by filing a chapter 11 petition which Ballard signed as attorney. At the time of filing, Ballard had not reasonably investigated the facts pertaining to the original case or the bankruptcy law controlling debtor's ability to file another petition. Debtor filed the instant chapter 11 petition to stay a scheduled tax sale of a portion of its property.

In February 1995, after filing the new petition in this district, Ballard contacted B. VanDenburg Hall, who has asserted he is a specialist in tax law, concerning the validity of a real property tax sale of property owned by Tamojira in Chesterfield County Virginia. Ballard later obtained written authorization from Pritchard to hire Hall at a rate of $250 per hour. Hall concluded that the tax payments could be met through the rents and profits of the land, instead of Chesterfield County's sale of the entire parcel.

On March 9, 1995, Chesterfield County moved for relief from the automatic stay so that the tax sale could proceed. Chesterfield County also moved for sanctions against Pritchard and Ballard based on debtor's filing of the present chapter 11 case in bad faith. On March 30, 1995, this court granted Chesterfield County's motion for relief from stay, holding that the county could auction debtor's property in order to satisfy debtor's outstanding real property tax liability. On July 7, 1995, the court entered an opinion and sanction order requiring Pritchard and Ballard jointly and severally to pay the sum of $2,857.59 to Chesterfield County. The court awarded this sanction based upon a finding that this bankruptcy case was filed in bad faith. The court determined as part of the sanctions award that Ballard "failed to conduct a reasonable investigation of the previously dismissed case." Memorandum Opinion, July 7, 1995, p. 12.

The debtor's attempts to reorganize under its second chapter 11 case were minimal. Debtor never filed a disclosure statement. Although debtor filed a plan, Ballard conceded that the plan was inadequate and would have to be modified. This was never done.

Debtor had failed to propose a plan for over six months in the case in North Carolina, and the instant case has been nothing more than a continued attempt to delay Chesterfield County's tax sale.

On July 7, 1995, Ballard filed an application for interim fees and expenses which requested a fee of $77,050.00 and expense reimbursement of $639.95. Attached to his fee application was an unsigned Application by debtor to employ Ballard as attorney.

On July 26, 1995, hearing was held on the United States Trustee's motion to convert the case to chapter 7 or alternatively to dismiss the case. In argument the trustee

---

1. This opinion incorporates facts found by the court in opinions entered March 30, July 7, and

September 18, 1995.

asked that the case be converted rather than dismissed because debtor had assets to be administered. At this hearing, Pritchard advised the court that Ballard was being dismissed as counsel. The court withheld converting the case to allow debtor a period of time to retain new counsel.

On August 25, 1995, Ballard filed the amended fee application, now under consideration, requesting a total fee of $97,250.00 and expense reimbursement of $3,674.85. Ballard's amended fee application is incorporated as part of this opinion.

On August 25, 2995, Ballard filed an application for retroactive employment as counsel for debtor.

After debtor was unable to retain new counsel as directed by this court, the case was converted to a chapter 7 case on September 15, 1995.

### Discussion and Conclusions of Law

A. Retroactive Employment

No proper application to employ Ballard as debtor's counsel was filed with the court until August 25, 1995, after he had been dismissed by debtor's principal Pritchard and when the case was on the verge of conversion to a chapter 7. An earlier application to employ was attached to Ballard's initial fee request, filed on July 7, 1995. However, this application was incomplete in that it was not signed either by Ballard or by Pritchard. In a memorandum filed by Ballard on July 25, 1995, in response to an objection to his initial fee application, Ballard stated that he had mailed the employment application to his client on May 4, 1995, with written instructions for debtor to sign and send to the clerk of the bankruptcy court.

Ballard's amended fee request filed on August 25, 1995, reveals for the first time in this case (to the court's recollection) that Pritchard, debtor's president and sole shareholder, had personally guaranteed payment of Ballard's fees in this case. Amended Application, p. 3, ¶ 5.

2. Section 327(a) and Rule 2014(a) authorize the trustee to employ attorneys or other professionals. A debtor-in-possession may also hire an attorney or other professional through § 1107(a)

Under § 327(a) of the Bankruptcy Code a trustee or debtor-in-possession [2] may employ an attorney or other professional after court approval as long as the attorney or professional does not hold an interest adverse to the estate, and the attorney or professional is a disinterested person. 11 U.S.C. § 327(a). Rule 2014(a) states that "[a]n order approving the employment of attorneys ... or other professionals pursuant to § 327 ... shall be made only on application of the trustee or committee." Fed. R. Bankr.P.2014(a).

■ In the context of fee applications, the importance of obtaining prior approval for employment of an attorney or other professional pursuant to § 327 and Rule 2014(a) is made apparent in the application of § 330, which governs the awarding of fees and costs to attorneys and other professionals. Section 330 states:

[a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed *under section 327* or 1103–

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1) (emphasis added). When read together, §§ 330, 327 and Rule 2014(a) clearly require that in order for an attorney or other professional to be awarded fees or costs under § 330, the attorney or professional's employment must have been previously approved by the bankruptcy court pursuant to § 327. *See In re Tidewater Memorial Hosp., Inc.,* 110 B.R. 221, 225 (Bankr.E.D.Va.1989); *In re Mork,* 19 B.R. 947, 948–49 (Bankr.D.Minn.1982).

■ Under extraordinary circumstances, the court may award fees and costs to an attorney or professional whose employ-

which grants to a debtor-in-possession the same rights, powers, and responsibilities given to a trustee. 11 U.S.C. § 1107(a).

ment was not previously approved by the court. *See In re Tidewater Memorial Hosp., Inc.*, 110 B.R. at 225–26. In these limited circumstances, the employment of the attorney or professional is applied retroactively, by allowing the attorney or professional whose work *has benefited* the estate to be compensated. *See In re Tidewater Memorial Hosp., Inc.*, 110 B.R. at 225 (emphasis added). In *Tidewater Memorial Hospital*, this court adopted a two part test for determining when retroactive employment can be authorized: (1) the professional satisfactorily explains the failure to obtain prior approval of employment, and (2) the professional meets the requirements set forth in § 327 and Rule 2014(a), aside from that of obtaining timely court appointment. *In re Tidewater Memorial Hosp., Inc.*, 110 B.R. at 226. *See also Mitchell v. American Appraisal Co. (In re Coast Trading Co.)*, 62 B.R. 664 (Bankr.D.Or.1986).

(1) Ballard's explanation of failure to obtain prior approval of employment.

Ballard has stated in essence that he was too busy to file the application. He also argued at hearings that the Office of the United States Trustee has responsibility for obtaining formal approval of his employment. He even blamed Pritchard for not following his instructions to sign and forward the application to the court as instructed in Ballard's letter of May 4, 1995.

In my view Ballard's stated reasons for failing to timely file an employment application are patently ridiculous and scarcely fulfill the first part of the court's test for retroactive employment as applied in *Tidewater Memorial Hosp., Inc.*, 110 B.R. at 226.

(2) Whether Ballard qualified for employment under § 327 and Rule 2014(a).

Ballard cannot meet this test either. The court has previously found that Ballard filed this case in bad faith, which I find in itself disqualifies him from a retroactive appointment.

More serious, however, is the fact that debtor's principal Pritchard had personally guaranteed payment of Ballard's fee, a fact not revealed until Ballard filed his amended fee request. This guaranty put Ballard in a conflict situation as between the debtor and Pritchard, and Ballard had a duty to reveal this conflict at the outset of his representation. *See In re National Distribs. Warehouse Co., Inc.*, 148 B.R. 558, 561 (Bankr. E.D.Ark.1992); *In re TMA Assocs., Ltd.*, 129 B.R. 643, 648 (Bankr.D.Colo.1991); *In re Hathaway Ranch Partnership*, 116 B.R. 208, 219 (Bankr.C.D.Cal.1990).

It is possible that had this conflict been revealed and explained at the outset of the case, the court could nevertheless have approved Ballard's employment by having Ballard waive the guaranty. However, I find this conflict absolutely precludes Ballard's retroactive employment as he cannot now meet the requirements of § 327.

### B. Amended Fee Application

Although my denial of Ballard's retroactive employment makes it unnecessary to consider his fee request, I will nevertheless consider the application on the merits. I conclude that he must be denied any compensation in this case.

Ballard attached to his amended request for fees and expenses a 33 page itemization of his time charges and expenses during the course of this case. He lists 489.25 hours for which he requests a fee of $97,250.00. This charge equates to an hourly rate of $198.77. The time entries are quite detailed and informative of how Ballard spent his time.

My review of Ballard's entries reveals that at least 90–95% of his time involved Chesterfield County and its delinquent real property taxes against debtor's property. Debtor is entitled to no compensation for these charges because, as the court previously ruled, in regard to this issue Ballard filed the case in bad faith. Counsel cannot expect to be compensated for services that were rendered in bad faith and which could not have benefitted the debtor's estate. *See Federal Deposit Ins. Corp. v. Grimm (In re Grimm)*, 156 B.R. 958, 959 (E.D.Va.1993). Moreover, since Ballard's bad faith filing was the overwhelming predominant factor in this case, I find that he is not entitled to compensation for the relatively few services that were un-

related to the real property matter. These services were of no benefit to the estate either. Likewise, his request for reimbursement of expenses, *which includes the $2,857.59 sanctions award,* is denied.

Finally, as revealed in this and previous opinions in this case, counsel throughout has demonstrated a lack of competency and judgment in the conduct of the case. This is an additional basis to deny both retroactive employment and fee. *See In re American Food Servs., Inc.,* 166 B.R. 64, 66 (Bankr.D.Md. 1994).[3]

A separate order was entered on December 26, 1995.

---

**3.** Even were the court inclined to consider allowing Ballard some fee, other adjustments to his charges would be required. Ballard's hourly charge of almost $200.00 is much too high. The compensable services (if any) were not that difficult and Ballard's demonstrated lack of skill and knowledge in the conduct of the case cannot justify more than a rate of $135.00 per hour. This rate would be divided in half for Ballard's significant charges for travel between Virginia Beach and Richmond.