**In re WESTSIDE CREEK LIMITED PARTNERSHIP,**
**Debtor-in-Possession.**

**Bankruptcy No. LR 87–1987M.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Aug. 9, 1988.

Charles W. Baker, Little Rock, Ark., for debtor.

John Jewell, Little Rock, Ark., for Paine Webber.

Michael A. Collora, Boston, Mass., for Dwyer & Collora.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On October 15, 1987, Westside Creek Limited Partnership (debtor-in-possession) filed a voluntary petition for relief under the provisions of chapter 11. On June 21, 1988, a hearing was held on the Gill Law Firm's application for an award of interim compensation pursuant to 11 U.S.C. §§ 330 and 331. The application requested an attorney's fee of $41,310.50 and expenses of $3,948.56 for services rendered between the dates of October 15, 1987, and March 28, 1988. The order authorizing the Gill Law Firm to represent the debtor-in-possession was entered January 28, 1988.[1] The Massachusetts law firm of Dwyer & Collora also petitioned for an award of interim compensation for services rendered be-

---

1. On March 30, 1988, the Gill Law Firm with-drew as attorney for the debtor-in-possession pursuant to an appropriate order entered on that date.

tween March 16, 1988, and March 25, 1988, in the sum of $3,595.00 plus costs of $1,022.35. No order authorizing the employment of Dwyer & Collora has ever been entered. A creditor, Paine Webber Qualified Plan Property Fund III (Paine Webber), filed an objection to the Gill Law Firm's fee request.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court has jurisdiction to enter a final judgment in the case.

■ Paine Webber argued in its objection that the Gill Law Firm represented an interest adverse to the estate in violation of 11 U.S.C. § 327(a) and that all compensation should be denied on that basis. It is alleged that a conflict of interest existed because the Gill Law Firm previously represented a prior owner of the property now owned by the debtor-in-possession, during which time the Gill Law Firm issued a written legal opinion opposite to the legal position advanced by the same law firm in this case.

11 U.S.C. § 327 governs the qualification for attorneys employed by a debtor-in-possession in a chapter 11 case. Section 327(a) provides generally that the debtor-in-possession may employ attorneys who do not represent an interest adverse to the estate. In the case of *In re Roberts*, 46 B.R. 815 (Bankr.D. Utah 1985), *aff'd in part, modified in part*, 75 B.R. 402 (D. Utah 1987), the court stated:

To "hold an adverse interest" means for two or more entities (1) to possess or assert mutually exclusive claims to the same economic interest, thus creating either an actual or potential dispute between the rival claimants as to which if any, of them the disputed right or title to the interest in question attaches under valid and applicable law; or (2) to possess a predisposition or interest under circumstances that render such a bias in favor of or against one of the entities.

. . . .

To "represent an adverse interest" means to serve as agent or attorney for any individual or entity holding such an adverse interest.

*Id.* at 826–27. Although arguing a legal theory which is inconsistent with a previous argument, even in a different context, may adversely affect the persuasiveness of an attorney's argument, it is not in any sense a conflict of interest. This objection is without merit.

■ Nevertheless, the applications of the Gill Law Firm and Dwyer & Collora are flawed in several respects. In addition to any objection voiced by a party in interest, the Court has an independent duty to examine attorney's fee applications. *In re Pettibone Corp.*, 74 B.R. 293, 299–300 (Bankr.N.D.Ill.1987); *In re S.T.N. Enterprises, Inc.*, 70 B.R. 823, 831 (Bankr.D.Vt. 1987); *In re Westfall*, 73 B.R. 186, 189 (Bankr.W.D.Ark.1986).

■ First, as argued by Paine Webber at the hearing, the Gill Law Firm cannot be compensated for services performed from October 15, 1987, to January 28, 1988, because no order was entered authorizing the Gill Law Firm to represent the estate prior to January 28, 1988. Dwyer & Collora cannot be compensated for any of its services because no order was ever entered approving its employment. An attorney is not entitled to compensation from the estate in a case under chapter 11 unless prior thereto an order is entered approving the employment of the attorney pursuant to 11 U.S.C. § 327(a) and Bankruptcy Rule 2014(a).[2] *See Credit Alliance Corp. v. Boies (In re Crook)*, 79 B.R. 475, 477 (Bankr. 9th Cir.1987); *Lavender v. Wood*

---

2. The bankruptcy court is empowered under equitable principles to relieve an attorney from the harsh result of the rule by the entry of a *nunc pro tunc* order if no order was originally obtained. *See Credit Alliance Corp. v. Boies (In re Crook)*, 79 B.R. 475, 477–79 (Bankr.9th Cir. 1987); *Lavender v. Wood Law Firm*, 785 F.2d 247, 248 (8th Cir.1986); *In re Kroeger Properties and Development, Inc.*, 57 B.R. 821, 822–23 (Bankr.9th Cir.1986); *Fanelli v. Hensley (In re Triangle Chemicals, Inc.)*, 697 F.2d 1280, 1288–89 (5th Cir.1983); *Cohen v. United States (In re Laurent Watch Co., Inc.)*, 539 F.2d 1231, 1232 (9th Cir.1976); 2 Collier on Bankruptcy ¶ 327.02 (15th ed. 1988). However, no motion seeking entry of a *nunc pro tunc* order was filed in this case.

*Law Firm,* 785 F.2d 247, 248 (8th Cir.1986); *Albers v. Dickinson,* 127 F.2d 957, 961 (8th Cir.1942); *In re Independent Sales Corp.,* 73 B.R. 772, 775–76 (Bankr.S.D.Iowa 1987); *In re S.T.N. Enterprises, Inc.,* 70 B.R. at 831; *In re Jackson,* 60 B.R. 593, 600 (Bankr.W.D.Ark.1986); *In re McKinney Ranch Associates,* 62 B.R. 249, 251 (Bankr. C.D.Cal.1986); *In re Amherst Mister Anthony's Ltd.,* 63 B.R. 292, 293–94 (W.D.N. Y.1986); *In re Schaak Electronics, Inc.,* 63 B.R. 830, 832 (Bankr.D.Minn.1986); *In re Nashville Union Stockyard Restaurant Co., Inc.,* 54 B.R. 391, 395–96 (Bankr.M.D. Tenn.1985); *In re Guy Apple Masonry Contractor, Inc.,* 45 B.R. 160, 162 (Bankr. D.Ariz.1984); *Kressel v. Kotts (In re Schaffer),* 34 B.R. 388, 391 (D.Minn.1983); *In re Glinz,* 36 B.R. 17, 18 (Bankr.D.N.D. 1983); 2 *Collier on Bankruptcy* ¶ 327.02 (15th ed. 1988). As stated in 2 *Collier on Bankruptcy* ¶ 327.02 at p. 327–7:

> When there is no compliance with the Code or rules, a professional may forfeit his right to compensation. The services for which compensation is requested should have been performed pursuant to appropriate authority under the Code and in accordance with an order of the court.... The purpose of the rule requiring prior court authorization of employment is to provide the court with a means of control over administrative expenses (footnotes omitted).

■ Second, Paine Webber objected to the Gill Law Firm's fee request on the basis that the compensation is not reasonable or necessary as required under 11 U.S.C. § 330(a)(1). A fee application should be specific enough to identify the legal services rendered so that, the Court can determine the difficulty of the case and what results were achieved for the estate. *In re Holthoff,* 55 B.R. 36, 42 (Bankr.E.D. Ark.1985); Bankruptcy Rule 2016. Counsel should not group all tasks performed in one day into a single billing; otherwise the court is unable to determine whether or not the time spent on a specific task was reasonable. *See Brake v. Tavormina (In re Beverly Mfg. Corp.),* 841 F.2d 365, 370 (11th Cir.1988); *In re Pettibone Corp.,* 74 B.R. at 302–03; *In re Wabash Valley Pow-*

*er Ass'n, Inc.,* 69 B.R. 471, 479 (Bankr.S.D. Ind.1987); *In re WHET, Inc.,* 58 B.R. 278, 282 (Bankr.D.Mass.1986); *In re Holthoff,* 55 B.R. at 42; *In re Four Star Terminals, Inc.,* 42 B.R. 419, 426–27 n. 1 (Bankr.D. Alaska 1984); *In re Bishop,* 32 B.R. 302, 303 (Bankr.D.R.I.1983). The Gill Law Firm's application is replete with entries which are inappropriately grouped. An example is as follows:

| Attorney | Date | Hours | Description |
|---|---|---|---|
| GEK | 3-03-88 | 8.2 | draft letter to Judge Fussell; review and revision of order; draft order approving disclosure statement; legal research re: Rule 9006; draft motion to shorten time and brief; review and revision of Second Amended Disclosure Statement; review and revision of First Amended Plan of Reorganization; telephone conference with Mr. Magids; telephone conference with Mr. Elkington; telephone conferences with Mr. Jewell; review and revision of amended response to motion for summary judgment; |

Because most of the entries are in this improper form, the application will not be approved in any amount until the requirements of Bankruptcy Rule 2016 and the case law are met.

■ Furthermore, there was testimony that in March 1988 the Gill Law Firm received a payment of interim attorney's fees in the sum of $20,000.00. This payment was not authorized because there was no compliance with 11 U.S.C. § 330(a) which requires notice, a hearing and court approval prior to the payment of any fee to an attorney employed under 11 U.S.C. § 327. *See In re Lavender,* 48 B.R. 393, 397 (Bankr.W.D.Ark.1984), *aff'd in Lavender v. Wood Law Firm,* 785 F.2d 247 (8th Cir.1986). Failure of an attorney to comply with the requirement of the Bankruptcy Code to obtain prior court approval is a basis for ordering the estate to be reim-

bursed for fees improperly received. *Lavender v. Wood Law Firm,* 785 F.2d at 248–49; *Futuronics Corp. v. Arutt, Nachamie & Benjamin (In re Futuronics Corp.),* 655 F.2d 463, 471 (2d Cir.1981), *cert. denied,* 455 U.S. 941, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982); *In re Arlan's Dept. Stores, Inc.,* 615 F.2d 925, 943–44 (2d Cir. 1979); *In re Jackson,* 60 B.R. at 600–01; *In re McKinney Ranch Associates,* 62 B.R. at 258; *In re Schaak Electronics, Inc.,* 63 B.R. at 832; *In re Amherst Mister Anthony's Ltd.,* 63 B.R. at 294; *In re Nashville Union Stockyard Restaurant Co., Inc.,* 54 B.R. at 395. The testimony concerning the receipt of the $20,000.00 payment was vague and uninformative. Neither of the attorneys who testified on behalf of the Gill Law Firm knew for certain who actually paid the $20,000.00, nor did either of the attorneys profess substantial knowledge about the circumstances of the payment. There was testimony that the payment was being held in the Gill Law Firm's trust account and had not yet been spent. The Court will not approve any interim attorney's fee until the matter of the unauthorized payment is fully disclosed to the Court and to creditors and a determination is made as to whether this amount of the fee should be disallowed.

Therefore, for the reasons stated herein, the applications of the Gill Law Firm and Dwyer & Collora for compensation will be denied.

IT IS SO ORDERED.