**In re Richard Gregory LAGASSE.**

**Bankruptcy No. 96–42992 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Nov. 25, 1998.

Gary D. Jiles, for Plaintiff or Petitioner.

Stephen Gershner, for Defendant or Respondent.

Richard Cox, Chapter 7 Trustee.

1. It is fairly obvious that once the trustee's administrative expenses are also deducted from the $20,000, there is little to no benefit to the estate.

## ORDER

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a creditor's Application for Attorney's Fees. On March 11, 1997, PaineWebber Incorporated ("PaineWebber") filed a complaint objecting to the debtor's discharge on the grounds that the debtor, on the eve of bankruptcy, systematically and in bad faith converted his non exempt assets to exempt assets. Although the litigation was contested, and PaineWebber was compelled to pursue discovery motions, in October 1997, the parties to the adversary proceeding settled on the terms that the debtor would pay into the estate $20,000 and agreed not to object to PaineWebber's fee application unless the application exceeded $18,000. PaineWebber thereafter filed a fee application for $18,000 asserting that it had provided a benefit to the estate.[1]

■ As a general rule, a professional is entitled to look only to its client for payments and not to the estate. In the instant case, PaineWebber employed counsel to pursue a section 727(a) objection to discharge. Had PaineWebber pursued this action to a successful conclusion, it along with all of the other unsecured creditors would have benefitted by the fact that the debtor would not receive a discharge in bankruptcy. Although the trustee would continue to administer the estate, liquidate assets, and make distributions, PaineWebber would be entitled to pursue collection of its debt against the debtor and assets not property of the chapter 7 estate as if the bankruptcy had not occurred.

■ PaineWebber asserts that it is entitled to its fees and costs pursuant to Section 503(b)(3)(B). Section 503(b)(4) permits an award of attorney's fees if the creditor is otherwise entitled to obtain its costs under section 503(b)(3)(B). Thus, when a creditor seeks reimbursement of attorney's fees and

This proposed cannabilization of the recovery, purportedly on behalf of the estate, is unconscionable.

costs, sections 503(b)(3)(B) and 503(b)(4) must be read together. They provide:

> (b) After notice and hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
>
> (B) a creditor that recovers, *after the court's approval,* for the benefit of the estate any property transferred or concealed by the debtor;
>
> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual necessary expenses incurred by such attorney or accountant.

(Emphasis added.) Thus, a creditor may recover as an administrative expense and be paid over and above other unsecured creditors, reasonable attorneys fees if the creditor recovers property transferred or concealed by the debtor.

Section 503(b)(3)(B) expressly requires that *prior* court approval be given for the action. Although there are a few cases in which the courts ignore this language in favor of a general policy of encouraging creditor involvement, *see, e.g., In re Rumpza,* 54 B.R. 107 (Bankr.D.S.D.1985), the better rule in applying section 503 is to apply the plain meaning of the statute *In re Peterson,* 152 B.R. 612 (D.S.D.1993); *In re Spencer,* 35 B.R. 280 (Bankr.N.D.Ga.1983)(Norton, J.). *See Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519, 26 C.B.C.2d 1119 (1992)(plain meaning rule).

The Court is not unduly concerned that denial of the fees might discourage lawsuits such as these or cooperation with the trustee to locate assets. In filing an objection to discharge, the creditor receives a specific and measurable benefit by successfully pursuing an objection to discharge, whether or not fees are awarded for pursuing or settling the objection to discharge because the debt becomes collectible after the bankruptcy. Further, cooperation and assistance in discovering assets along with the trustee benefits the creditor by making more assets available for distribution to them. The Court believes that the objection to discharge had merit. In fact, it was the same property transferred by the debtor that the debtor ultimately agreed to encumber in order to settle this matter. Even if the prior approval had been given pursuant to section 503(b), an award of ninety percent of the benefit to the estate is, without question, unreasonable. Even the cases cited by PaineWebber grant attorney's fees only in the range of eight to twelve percent of the benefit to the estate. The Court in any event is without discretion to make the requested award because section 503(b)(4), read in conjunction with section 503(b)(3)(B), require that prior approval be given before an award may be made. Accordingly, it is

**ORDERED** that the Application for Attorney's Fees and Costs filed on January 7, 1998, filed by PaineWebber Incorporated is denied.

**IT IS SO ORDERED.**