**In re Rick WELCH, Debtor.**

**In re Arkansas General Agency, Debtor.**

**Bankruptcy Nos. 96–70129M, 96–70128M.**

United States Bankruptcy Court, W.D. Arkansas, Fort Smith Division.

Feb. 10, 2000.

James O. Cox, Ronald W. Metcalf, Ft. Smith, AR, for Rick Welch and Arkansas General Agency.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

The issue before the Court is whether to authorize payment of attorneys fees from property of the estate to attorneys who did not receive prior court approval before filing a cause of action belonging to the estate.

Rick Welch (Welch) and Arkansas General Agency, Inc. (AGA) are debtors in separate, pending chapter 7 cases. Welch owns the stock in AGA. The cases were originally filed under the provisions of chapter 11 on February 21, 1996, but were converted to chapter 7 by order filed April 23, 1996.

Frederick S. Wetzel, III and John T. Lee are the duly appointed and acting trustees in the AGA and Welch cases, respectively. Wetzel was appointed May 9, 1996, and Lee was appointed April 18, 1996.

The facts are not in dispute. Welch, individually and as a representative of AGA, believed a cause of action arising pre-petition existed in favor of both debtors against Midland Risk Insurance Company (Midland). However, neither cause of action was originally scheduled as an asset on the schedules of either AGA or Welch. On September 28, 1998, the schedules were amended to reflect the cause of action valued at $5,396,000.00.[1]

In early 1999, Welch hired James O. Cox and Ronald W. Metcalf, attorneys, to represent Welch, individually, and AGA in a suit against Midland. Metcalf had rep-

---

1. The two attorneys requesting legal fees from the estate assert that the cause of action arose post-petition. However, this assertion is inconsistent with the September 28, 1998 filing of the amended schedule listing the cause as an asset of the estate.

resented Welch and AGA several years ago. Neither Cox nor Metcalf was bankruptcy counsel in the chapter 11 cases.

In February 1999, Cox and Metcalf filed a civil action in Federal District Court for the Western District of Arkansas against Midland seeking substantial money damages. Neither of the trustees had authorized the filing of this civil action nor had Cox and Metcalf been authorized by this Court to represent the estate.

On March 3, 1999, the debtor Welch, individually and on behalf of AGA, filed motions to compel the trustees to abandon the cause of action against Midland, and a hearing on the motion was held in Ft. Smith, Arkansas on March 23, 1999. At the conclusion of the hearing, the Court ordered the trustees to either hire Metcalf and Cox as special counsel, hire other counsel to represent the estate and pursue the claim against Midland, reach a compromise with Midland, or abandon the cause of action. The Order provided further that if the trustees failed to take any action within 60 days the cause of action would be abandoned.

Thereafter, the trustees reached a compromise settlement with Midland for $20,000.00 in each case. The settlement was approved over the objection of the debtor in each case, represented by Cox and Metcalf.

On August 2, 1999, Cox and Metcalf filed an application for attorney's fees based on a contingent fee agreement with Welch regarding the Midland cause of action. Metcalf and Cox argue that because their actions benefitted the estate to the extent that each estate received a $20,000.00 settlement, they are entitled to a fee even though they have never been employed by the estate by order of this Court as required by bankruptcy law. Wetzel, the trustee in AGA, Colonia Insurance Company, and the United States Trustee objected to the fee request.

## DISCUSSION

■ An attorney is not entitled to compensation from the estate in a case under chapter 7 unless prior thereto the court enters an order approving the employment of the attorney. 11 U.S.C. § 327(a) (1994); Fed. R. Bankr.P.2014(a); 3 Collier on Bankruptcy ¶ 327.03 (Lawrence P. King et al. eds., 15th ed. rev.1999).

■ The fact that the services rendered may have benefitted the estate is not grounds to ignore the requirements of the Bankruptcy Code. Presumably, most cases in which fees are denied because the attorney's employment was never authorized involve benefits that ultimately accrue to the estate through the attorney's efforts. See, e.g., *In re Grabill Corp.*, 983 F.2d 773, 776 (7th Cir.1993) (finding that law firm that was denied approval to represent chapter 11 debtor would also be denied legal fees accruing from working with debtor's subsequent attorney to the benefit of the estate); *Canatella v. Towers (In re Alcala)*, 918 F.2d 99, 102–103 (9th Cir. 1990) (holding that attorney who, without prior court approval, pursued debtor's prepetition cause of action that was property of estate was not entitled to fee when cause was settled in favor of the estate); *In re Westside Creek Ltd. Partnership*, 93 B.R. 177, 179 (Bankr.E.D.Ark.1988)(ruling that even though law firm performed services between the filing of the chapter 11 debtor's petition and order approving firm's representation some three months later, firm would not be compensated for work during that period).

Numerous cases support the conclusion that legal work performed without the required court approval will usually not be compensated. See, e.g., *Snyder v. Dewoskin (In re Mahendra)*, 131 F.3d 750, 756 (8th Cir.1997) (attorney for chapter 7 debtor was not due fees from estate for postpetition services when attorney did not seek permission to be employed by estate), *cert. denied*, 523 U.S. 1107, 118 S.Ct. 1678, 140 L.Ed.2d 815 (1998); *In re Grabill Corp.*, 983 F.2d 773, 777 (7th Cir.1993)

(attorneys found ineligible to serve were not entitled to compensation for work performed for debtor); *Canatella v. Towers (In re Alcala),* 918 F.2d 99, 104 (9th Cir. 1990) (attorney who pursued debtor's prepetition cause of action without being retained by trustee was not entitled to fee from the estate when cause was later settled); *Lavender v. Wood Law Firm,* 785 F.2d 247, 248 (8th Cir.1986) (debtor-in-possession's attorney must give notice to creditors and receive court approval before being compensated); *In re Lagasse,* 228 B.R. 223, 224 (Bankr.E.D.Ark.1998) (if a professional is paid from estate funds, prior approval is required); *In re Westside Creek Ltd. Partnership,* 93 B.R. 177, 179 (Bankr.E.D.Ark.1988) (debtor-in-possession's attorneys were denied fees accruing before the order approving the firm's employment); *In re Jackson,* 60 B.R. 593, 600–601 (Bankr.W.D.Ark.1986) (attorney for chapter 11 debtor may only be paid from property of the estate after proper application, notice, and hearing).

When Cox and Metcalf filed the civil action without authority from the Court, their intent was not to benefit the estate, but to benefit the debtor individually. These attorneys, particularly Cox who is an experienced bankruptcy attorney, were aware of the Code requirements and the proper procedure available to them. Although the Court will credit Cox and Metcalf's testimony that they acted in good faith, initiating litigation in the debtors' names under the circumstances in this case can only be construed as an officious act. Counsel are not entitled to compensation from the estate because they are not authorized to represent the estate.

IT IS SO ORDERED.