**In re William Henry REDDING and Alice Patricia Redding, Debtors.**

**No. 98–30985–1.**

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

Aug. 9, 2000.

David E. Schroeder, Springfield, MO, James B. Fleischaker, Joplin, MO, for debtor.

### *MEMORANDUM OPINION AND ORDER*

JERRY VENTERS, Bankruptcy Judge.

This matter is before the Court on remand from the Bankruptcy Appellate Panel for the Eighth Circuit.

On December 21, 1999, this Court entered a Memorandum Opinion and Order in which it ordered David E. Schroeder, bankruptcy counsel for the Debtors, Wil-liam Henry Redding and Alice Patricia Redding ("Debtors"), to disgorge the sum of $10,011.40 in attorney's fee payments which Schroeder had received from the Debtors. On April 28, 2000, the Bankruptcy Appellate Panel for the Eighth Circuit ("BAP") reversed this Court's decision, holding that this Court had improperly reviewed Schroeder's fee application under 11 U.S.C. § 330, and remanded to this Court for consideration of the fees pursuant to 11 U.S.C. § 329 and Rule 2016(b), FED.R.BANKR.P., and for the consideration of sanctions pursuant to this District's Local Rule 2016–1.

This Court has jurisdiction of these matters under 28 U.S.C. §§ 157(a) and (b)(1) and 1334.

### FACTUAL BACKGROUND

The factual background giving rise to this matter is fully set out in *In re Redding*, 242 B.R. 468 (Bankr.W.D.Mo.1999) (*"Redding I"*), this Court's December 21, 1999, opinion, and is summarized in *In re Redding*, 247 B.R. 474 (8th Cir. BAP 2000) (*"Redding II"*), the BAP's April 28, 2000, opinion. Therefore, it is not necessary to recount the history of the matter in such full detail in this Memorandum Opinion and Order. The pertinent facts can be briefly summarized as follows:

The Debtors filed a "quick file" Chapter 13 petition on November 5, 1998, to forestall a foreclosure sale scheduled that same afternoon on an apartment complex owned by the Debtors. Schroeder filed an initial disclosure of compensation form indicating that he had been paid a prepetition retainer fee of $3,000.00. Shortly thereafter, on January 21, 1999, Schroeder filed, on behalf of the Debtors, an application to convert the Chapter 13 to a Chapter 11 proceeding, and an order effecting that conversion was entered on the following day. Subsequently, confronted with a Motion to Lift Stay filed by their principal

creditors, Frank and Dorothy Dell,[1] ("Dells") the Debtors consented to a conversion of the case to Chapter 7, under which the case has since continued.

On July 29, 1999, another attorney, James B. Fleischaker, entered his appearance on behalf of the Debtors for the express and limited purpose of representing them in opposing the Proof of Claim that had been filed by the Dells. At a hearing on September 23, 1999, it came to the Court's attention that Fleischaker had not filed an application to be employed as special counsel for the Debtors. Soon thereafter, Fleischaker filed an application for employment, but he did not disclose that he had been paid any retainer or other fees by the Debtors. However, on November 2, 1999, Fleischaker filed a fee application in which he revealed that he had already been paid $4,414.83 by the Debtors and was holding an additional $2,000.00 in his escrow account to be applied to his fees for October.

Prior to this time, the Panel Trustee, Norman E. Rouse, had learned through Rule 2004 examinations that the Debtors had paid a substantial amount of money to Schroeder and Fleischaker post-petition in payment of their legal fees and expenses. Consequently, on November 2, 1999, the same day Fleischaker filed his fee application, the Trustee filed a Motion for Disgorgement of Attorney's Fees, in which he asked that Schroeder and Fleischaker be compelled to disgorge the fees they had received from the Debtors without Court approval. Schroeder filed a response to the Trustee's Motion in which he admitted that he had received $11,011.40 in payments from the Debtors (including the $3,000.00 retainer fee originally disclosed) and admitting that he had violated Rule 1016(b) by not disclosing all of the payments received. Schroeder also stated that he believed that the cash payments that were made to him had not come from any assets of the bankruptcy estate, but if they had, they were "innocently received."

It was not until November 30, 1999, that Schroeder filed an application for approval and payment of his attorney's fee. This fee application, which is the application now before the Court, requested Court approval for $14,715.00 in fees and $1,001.96 in expenses, a total of $15,716.96. On the same day, Schroeder filed what he called a Supplemental Statement of Compensation of Attorney for Debtors in which he enumerated, for the first time, the various payments he had received from the Debtors—the initial $3,000.00 retainer in November 1998; $4,500.00 on May 28, 1999; $761.40 on August 20, 1999; and $2,750.00 on October 6, 1999. All of these payments (with the exception of the retainer), which totaled $11,011.40, were received by Schroeder, in cash, after he sent invoices to the Debtors and without prior approval from the Court.

As previously indicated, this Court on December 21, 1999, entered an Order disapproving the fees awarded Schroeder (and Fleischaker, as well). Schroeder appealed this Court's Order to the BAP, and, as noted above, the BAP reversed and remanded to this Court for further consideration under 11 U.S.C. § 329, Rule 2016(b), and this Court's Rule 2016–1.[2]

## DISCUSSION

### A. Reasonableness of Schroeder's fees

First, the Court considers the reasonableness of Schroeder's requested fees under § 329, which provides:

**Debtor's transactions with attorneys**

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or

---

1. Acting on behalf of the Frank and Dorothy Dell Family Trust.

2. Fleischaker did not take an appeal and the December 21, 1999, Order is final as to him.

agreement was made after one year before the date of filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

11 U.S.C. § 329.

■■■ Although the Trustee has not objected to the reasonableness of Schroeder's fees, the Court may nevertheless make an independent determination of their reasonableness. *Redding II*, 247 B.R. at 479. The Court has wide discretion in making a determination of the reasonableness of a debtor's attorney's fees. *In re Willow Lake Partners II, L.P.*, 156 B.R. 638, 644 (Bankr.W.D.Mo.1993).

■■■ The Court has reviewed the detailed itemization submitted by Schroeder in tandem with his fee application and does not find the fees requested to be unreasonable. While some issue might be taken with the wisdom of some of the services provided, the Court is not going to second-guess Schroeder's judgment at this point. This has been a somewhat complicated case, made more so by the acrimonious relationship of the Debtors and the Dells. The Debtors apparently believed they had affirmative claims to assert against the Dells, and those required some investigation and led to the employment of Fleischaker as the Debtors' special counsel. At the same time, the Dells had filed a Proof of Claim which the Debtors opposed. Therefore, under all the circumstances, the Court will find the fees to be reasonable, and will not order any disgorgement of fees on the basis that they are unreasonable or excessive.

## B. Counsel's noncompliance with statutes and rules

The second issue to be considered—counsel's noncompliance with the statutes and rules and the sanctions to be imposed, if any—is another matter, however.

In addition to § 329, this issue involves a consideration of Rule 2016(b), FED. R.BANKR.P., and this Court's Local Rule 2016–1. Rule 2016(b) provides:

> **(b) Disclosure of Compensation Paid or Promised to Attorney for Debtor.** Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity.... *A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.* (emphasis added)

FED.R.BANKR.P. 2016(b).

This Court's Local Rule 2016–1 provides, in pertinent part:

> A. **Prepetition Retainers.** The disclosure of amount of retainer by debtor's counsel pursuant to § 329 and Bankruptcy Rule 2016(b) shall be filed with the petition and served on the U.S. Trustee and any trustee. All professionals shall deposit retainers, whether received from debtor or any other source, in a trust account, *and withdraw and apply funds only after a fee application and order.* (emphasis added)
>
> B. **When Application Unnecessary.** If counsel's total fee in a case is $1,000 or less, the disclosure of fee in initial

filings is sufficient and it is unnecessary to file any itemized application. . . .

\* \* \* \* \* \*

**D. Applications Over $1,000.** For applications over $1,000, in addition to service in Paragraph A, applicant shall serve on all creditors a notice ... stating: the amount of fees and expenses sought; period covered; number of previous applications filed; amounts of compensation previously sought and allowed; original retainer and balance; that parties have 20 days to object, if no objections are filed the Court may enter an order, and if objections are filed the Court may set a hearing.

Local Rule 2016–1.

As the Court detailed in its opinion in *Redding I,* Schroeder (as well as Fleischhaker) blatantly disregarded and violated the statutes and rules with respect to obtaining Court approval of their fees and expenses. Schroeder's compliance with the statutes and rules basically ended with the filing of his initial disclosure of compensation in November 1998. His later, very tardy attempt to comply with Rule 2016(b) and Local Rule 2016–1 was largely forced upon him by the Trustee's filing of a motion to compel him to disgorge whatever fee payments he had received in violation of the rules.

It is well established that bankruptcy courts have broad and inherent authority to deny any and all compensation when an attorney fails to comply with the provisions of §§ 327, 329, 330 and 331. *Franke v. Tiffany (In re Lewis),* 113 F.3d 1040, 1045 (9th Cir.1997). The Eighth Circuit Court of Appeals has held that, where a debtor's attorney has failed to comply with the statute and the rules, subsequent fee applications *"should* be denied and the funds received *should* be ordered returned to the estate." *Lavender v. Wood Law Firm,* 785 F.2d 247, 248 (8th Cir.1986) (emphasis added). It is worthy of note that the Eighth Circuit used the word *should* and not the word *may,* thereby

giving a strong indication that disgorgement of the fees received is the expected and proper remedy to be applied. *See also, In re Downs,* 103 F.3d 472, 479 (6th Cir.1996) ("[T]he bankruptcy court should deny all compensation to an attorney who exhibits a willful disregard of his fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement under § 329 and Rule 2016. The authority to do so is inherent, and in the face of such infractions should be wielded forcefully."); *Matter of Prudhomme,* 43 F.3d 1000, 1003 (5th Cir.1995) ("[T]he court's broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to order disgorgement as a sanction to debtors' counsel for nondisclosure."); *In re Westside Creek Limited Partnership,* 93 B.R. 177, 180–81 (Bankr.E.D.Ark.1988) ("Failure of attorney to comply with the requirement of the Bankruptcy Code to obtain prior court approval is a basis for ordering the estate to be reimbursed for fees improperly received.").

In this case, Schroeder has been paid $11,011.40 by the Debtors, but only $1,000.00 of that was received by Schroeder in compliance with the statutes and rules. Although Schroeder initially disclosed that he had been paid $3,000.00 prepetition by the Debtors, he never sought court approval for the excess over $1,000.00, as is required by this Court's Local Rule 2016–1, until a year later and after he had applied the excess to payment of his fees. Therefore, all amounts over $1,000.00 (namely, $10,011.40) were received without appropriate court approval and without prior disclosure to the Court or to creditors.

This, then, brings us to the issue of the appropriate sanctions to be imposed for Schroeder's violations. Bankruptcy courts generally have substantial discretion in fashioning sanctions; however, they must exercise that power with restraint and the sanction imposed must be commensurate with the egregiousness of the

conduct. *Downs*, 103 F.3d at 478. The Court may exercise its discretion and deny or reduce fees for counsel's failure to disclose his fee arrangements, whether or not actual harm accrues to the estate. *In re Central Florida Metal Fabrication, Inc.*, 207 B.R. 742, 749 (Bankr.N.D.Fla.1997). "The disclosure requirements impose upon attorneys an independent responsibility. Thus, failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule." *In re Woodfield Gardens Associates*, 1998 WL 276453 (Bankr. N.D.Ill.).[3] A failure or refusal to disclose fee payments has long been recognized as a sufficient basis for an attorney's disqualification or for disgorgement of fees. *In re Keller Financial Services of Florida, Inc.*, 248 B.R. 859, 886 (Bankr.M.D.Fla.2000); *In re Independent Engineering Co., Inc.*, 232 B.R. 529, 532 (1st Cir. BAP 1999); *In re Envirodyne Industries, Inc.*, 150 B.R. 1008 (Bankr.N.D.Ill.1993); *In re Dixon*, 143 B.R. 671, 680 (Bankr.N.D.Tex.1992).

 Schroeder, understandably, has argued against any sanctions, stating that his violations were not so egregious as to warrant sanctions. The Court strongly disagrees. Schroeder's violations of his responsibilities under the Code and the Rules were knowing, deliberate, and blatant. As an experienced bankruptcy attorney, Schroeder is doubtlessly well aware of the requirements of full disclosure of attorney fees in bankruptcy cases, and is likewise well aware of the necessity for obtaining prior Court approval for the payment of fees by debtors. In this case, Schroeder, for reasons totally unknown to the Court, chose to disregard those rules and requirements. At no time did he comply with the requirement of Rule 2016(b) that he file a supplemental disclosure statement within 15 days after receiving any payment from the debtors. From the beginning, Schroeder failed to comply with this

Court's Local Rule 2016–1, which required the Court's approval for all fees in excess of $1,000.00. Though Schroeder initially disclosed that he had received a $3,000.00 pre-petition retainer, he never sought Court approval for the amount over $1,000.00. One thing that is particularly disturbing is that Schroeder sent statements to his clients at various times throughout these proceedings and thereby solicited their payment of his fees and expenses without obtaining prior Court approval. Schroeder's disregard for the rules and his ethical responsibilities continued for almost a year, until his grudging compliance was forced upon him by the filing of the Trustee's motion for disgorgement.

As the Court stated in *Redding I*, this Court will not condone such violations of the Bankruptcy Code and Rules and this Court's Local Rule 2016–1. If such violations are allowed to go unpunished, this Court may as well repeal Local Rule 2016–1, because it will be rendered meaningless and ineffective. The Rule is designed and intended to prevent occurrences such as this one, and it will be strictly enforced for that reason. This Court is not so far removed from the private practice of law to have forgotten the necessity of collecting the legal fees that have been earned through long hours of hard work, but those fees must be collected through strict compliance with the attorney's responsibilities under the Bankruptcy Code and Rules.

Disgorgement of the payments Schroeder received without compliance with the Rules is appropriate, and Schroeder will be ordered to disgorge and pay over to the Trustee the sum of $10,011.40. However, inasmuch as the Court has found the fees and expenses charged to be reasonable and the Debtors have not objected to them, the Court will allow payment of the fees to be made on a subordinated, non-priority basis. Payment of the entirety of Schroeder's fees will be subordinated to

---

**3.** Despite the age of the case, only the West- law cite is available at this time.

the general unsecured creditors in this Chapter 7 proceeding. There is substantial property in this bankruptcy estate, and it appears possible that there will be sufficient assets to pay the administrative costs and the claims of the general unsecured creditors (primarily the Dells) in full, after which Schroeder may be paid. If there are not sufficient funds with which to pay Schroeder, then Schroeder will not be paid, and that will be the price to be paid for his disregard of the statutes and rules. It would be grossly unfair to allow Schroeder to receive payment of his fees in advance of the payment of the claims of the general unsecured creditors; to do that would be to require the general unsecured creditors to bear the cost of attorney's fees that were improperly received in the first instance and would effectively reward Schroeder for his open defiance of the Rules.

There is one final issue that must be resolved. There has been no evidence adduced in this case to establish the source of the funds that were used to pay Schroeder's and Fleischaker's fees and expenses. In *Redding I*, the Court held that the funds were property of the estate; the Court found that the Debtors had transferred $20,911.04 from a certificate of deposit to their son in Florida within three months of the bankruptcy filing, and that that money was used to pay the postpetition legal fees and expenses. However, the BAP held this finding to be clearly erroneous. Since the BAP's ruling, the Trustee has obtained a default judgment against the Debtors' son, Richard DeCoursey, for $20,911.04, representing the amount of funds improperly transferred by the Debtors. On August 7, 2000, counsel for DeCoursey filed a Motion to set aside the default judgment on various grounds, and in that motion counsel has asserted that DeCoursey never received the $20,911.04 from the Debtors. These developments make it obvious that a further evidentiary hearing will be required to determine the source of the funds used to pay Schroeder's and Fleischaker's fees and expenses. If the funds were property of the estate, the Trustee will be permitted to retain the disgorged amounts and distribute them pursuant to the Bankruptcy Code and this Order. If it is found that the funds were not property of the estate, the Court will direct the Trustee to return the funds to the proper party.

Therefore, it is

**ORDERED** that David E. Schroeder be and is hereby directed to disgorge the sum of $10,011.40 to the Trustee, Norman E. Rouse, forthwith, as a sanction for Schroeder's violation of the Bankruptcy Code and Rules and this Court's Rule 2016–1. It is

**FURTHER ORDERED** that the fees and expenses of David E. Schroeder, in the total amount of $15,716.96, are found to be reasonable and not excessive pursuant to 11 U.S.C. § 329, and the payment of such fees and expenses shall be subordinated to the payment of the general unsecured creditors in this Chapter 7 proceeding. It is

**FURTHER ORDERED** that a further evidentiary hearing will be conducted by the Court to determine the source of the funds used to pay the Debtors' legal fees and expenses, so as to make a determination of whether the funds are or are not property of the bankruptcy estate.

**SO ORDERED.**